THE CENTURY INDEMNITY COMPANY *vs.* HENRY B. BLOOM & others.

Suffolk.   October 6, 1949. — November 22, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract*, Of indemnity, Construction.   *Words*, "Their."

Under a contract of indemnity with a surety company, made up on a blank form intended for general use and executed by several indemnitors, in which it was recited that bonds might be "required by" . . . "the indemnitor(s), or any one or more of" them, "in connection with either their joint, several or individual business," and which provided that the indemnitors should indemnify the surety company for all loss and expense incurred by it through becoming surety on such bonds, the surety company was entitled to recover from one of the indemnitors sums which it had been required to pay to the obligees of bonds executed by it as surety, and by another of the indemnitors and strangers to the contract of indemnity doing business together under a trade name, as principals.

CONTRACT.   Writ in the Superior Court dated January 14, 1948.

The action was heard by *Kirk*, J.

*D. Gorfinkle*, for the plaintiff, submitted a brief.

*J. H. Soble*, for the defendant David Bloom.

RONAN, J.   This is an action of contract to recover amounts paid by the plaintiff as surety upon two bonds, which, it alleges, the defendants were bound to pay by virtue of an indemnity contract which they executed in favor of the plaintiff. The action was discontinued against the defendant Muriel Cohen for want of service. The judge

found for the plaintiff against the defendant Sylvia W. Bloom in the amount of $1,791.68, and against the defendant Henry B. Bloom in the amount of $2,539.47. He found for the remaining defendant, David Bloom. The plaintiff does not attack the findings in its favor but is apparently seeking to attach liability upon David Bloom, and brings the case here by exceptions saved to the denial of certain requests for rulings.

The first count of the declaration alleged that the defendants Henry B. Bloom and David Bloom, Louis Bloom, now deceased, and Leighton & La Pierre Co., a Massachusetts corporation, entered into a contract of indemnity, the various provisions of which are set forth; that Leighton & La Pierre Co. was dissolved and ceased to do business as a corporation; that thereafter Henry B. Bloom, Muriel Cohen, and Sylvia W. Bloom proceeded to carry on business as "a partnership" under the firm name and style of Leighton & La Pierre Co.; and that the plaintiff furnished to said partnership the two bonds upon which the plaintiff as surety was obliged to make the payments for which it seeks recovery in this action. The third count was alleged to be for the same cause of action set forth in the first count, but it omitted allegations that Leighton & La Pierre Co. was a corporation and that it had been dissolved. The second count alleged that the bonds in question were furnished to the "partnership" composed of Henry B. Bloom, Sylvia W. Bloom, and Muriel Cohen.

There was evidence that at the time the contract of indemnity was executed on November 13, 1939, Leighton & La Pierre Co. was a corporation; that it ceased to do business on or about December 19, 1945; that the defendants Henry B. Bloom, Sylvia W. Bloom, his wife, and Muriel Cohen formed "a copartnership" doing business under the names of Leighton & La Pierre, Leighton & La Pierre Co., Leighton-La Pierre, and Dunhill Co.; that the plaintiff as surety gave a bond in the penal sum of $700 to a railroad on May 14, 1946, in which Leighton-La Pierre was named as principal; that it executed another on October 31, 1946,

as surety, with Henry B. Bloom, Sylvia W. Bloom, and Muriel Cohen doing business as Leighton & La Pierre, Dunhill Co., and Leighton & La Pierre Co. as principals. This bond was in the penal sum of $3,000 and was given to the Commonwealth. The plaintiff was obliged to pay $700 to the railroad company and $1,677.07 to the Commonwealth.

On November 13, 1939, Leighton & La Pierre Co., Louis Bloom, Henry B. Bloom, and David Bloom executed a "general contract of indemnity" on one of the blank forms furnished by the plaintiff in which they were designated as indemnitors. The preliminary or whereas clause of this contract recited that "certain bonds, undertakings and other writings obligatory in the nature of a bond" may be "required by, for, or on behalf of the indemnitor(s), or any one or more of the parties included in the designation indemnitor(s), in connection with either their joint, several or individual business." This clause was immediately followed by another reciting the consideration to be the execution by the plaintiff of bonds "to be given by, for, or on behalf of the indemnitor(s), or any one or more of the parties included in such designation." The indemnitors agreed to indemnify and hold harmless the plaintiff from all damages, loss and expenses by reason of having become surety on the said bonds. It was provided in the last clause of the contract that the word "indemnitor(s), or personal pronouns used to refer to said word, shall apply regardless of number or gender." The paragraph immediately preceding the spaces for signatures stated, "this agreement is intended to cover whatever bonds . . . may be executed by the surety on behalf of the undersigned indemnitors, or any one of them, from time to time . . . ."

The plaintiff seeks to hold David Bloom liable upon two grounds, first, that Leighton & La Pierre Co. was one of the principals upon both bonds and, second, that Henry B. Bloom was one of the principals on each bond, that each of these last named parties was among those named as indemnitors in the contract of indemnity, as was also David Bloom, and that the latter by the terms of said contract

was bound to make good the loss sustained by the plaintiff by reason of becoming surety on these bonds.

There was evidence that Leighton & La Pierre Co. was a corporation at the time it executed the contract of indemnity in 1939 but that it had ceased to do business before 1946 when the plaintiff became surety upon the two bonds in question. Neither bond was executed in its corporate name or by any corporate officer who purported to act in its behalf. The bond given to the railroad did not upon its face appear to be any undertaking of the corporation, and the bond to the Commonwealth was executed by individuals acting in their own behalf. The evidence showed that both bonds were executed by certain individuals doing business under a trade name. We need not consider the binding effect upon the plaintiff of the allegations contained in the first count with reference to the corporate existence and dissolution of Leighton & La Pierre Co. The corporation was a stranger to both bonds. The obligation of David Bloom to make good any loss sustained by the plaintiff by reason of becoming a surety upon a bond in which the corporation was a principal, therefore, has no application.

Henry B. Bloom, however, was one of the indemnitors in the contract of indemnity, and he was also one of the principals in both of the bonds which were issued to the railroad and to the Commonwealth, respectively, as he was one of the parties doing business under the various trade names describing the principals in these bonds. He and his associates could in the absence of fraud adopt any trade names under which to conduct business, and contracts executed in such names would bind them to the same extent as if they were executed in their individual names. *William Gilligan Co.* v. *Casey,* 205 Mass. 26, 31. *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 352. *Members of Bakery & Confectionery Workers International Union* v. *Hall Baking Co.* 320 Mass. 286, 292. Both bonds were given in behalf of Henry B. Bloom in connection with a business in which he had a joint interest. The question is whether these bonds came within the contract of indemnity by which

David Bloom agreed to reimburse the plaintiff in case of loss.

The form of the contract was adapted for use when there was a single indemnitor or several of them, and its preliminary or whereas clause attempted in a somewhat summary or condensed manner to describe the bonds which it was contemplated the plaintiff should furnish to the indemnitors or any of them. The bonds were to be supplied with reference to the joint or individual business of any of the indemnitors. The business was described in this clause as "their" joint business to correspond to the word "indemnitor(s)," and where the bond was to be furnished to a single indemnitor then the word "their" must necessarily be construed to mean "his" so as to correspond to the term indemnitor. The blank form of the contract was intended for general use irrespective of the number of indemnitors and included any bond that might be furnished to a particular indemnitor for his individual or joint business. We think that this is the proper construction of this introductory clause of the contract. The operative clauses of the contract leave no doubt as to the bonds covered in that contract. A part of the consideration for the execution of that contract was the execution by the plaintiff as surety of bonds for or on behalf of the indemnitors or any one or more of them. And the final statement of the contract manifests the express intent of the indemnitors to include all bonds executed by the plaintiff as surety on behalf of all or any of the indemnitors. Contracts of indemnity are to be fairly and reasonably construed in order to ascertain the intention of the parties and to effectuate the purpose sought to be accomplished. *L. Littlejohn & Co. Inc.* v. *Handy*, 246 Mass. 370, 374. *Agricultural National Bank* v. *Brennan*, 295 Mass. 325, 327, 328. *Stankus* v. *New York Life Ins. Co.* 312 Mass. 366, 368–369. *Schneider* v. *Armour & Co.* 323 Mass. 28, 30. Williston, Contracts (Rev. ed.) § 625.

The judge properly found that the defendant Henry B. Bloom was liable upon both bonds; but he was in error in

denying the following requests of the plaintiff: "9. The entering into of the bonds which are the subject matter of this suit did not enlarge or change the obligations and responsibilities that the indemnitors assumed under the general contract of indemnity of November 13, 1939." "11. The mere fact there was included as principals on the bonds in issue one or more parties who were not indemnitors under the contract of indemnity of November 13, 1939, will not serve, in and of itself as a matter of law, to absolve the defendant, David Bloom, from his liability under said contract; it being sufficient if one of the indemnitors under said contract appeared as one of the principals on said bonds and that said indemnitor who so appeared as one of the principals under said bonds incurred an individual liability thereon."

*Exceptions sustained.*