GENERAL MOTORS ACCEPTANCE CORPORATION *vs.* JAMES L. HALEY, assignee.

Suffolk.    October 8, 1952. — December 4, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Trust Receipt.    Name.    Corporation*, Name.

A designation of a corporation actually named "E. R. Millen Co., Inc.," by the name of "E. R. Millen Company" as the trustee in a statement of trust receipt financing filed with the Secretary of the Commonwealth by an entruster under the uniform trust receipts act, G. L. (Ter. Ed.) c. 255A, inserted by St. 1936, c. 264, did not set forth the precise and exact name of the trustee as the act requires, and rendered the statement invalid. [563–565]

A trust receipt, although signed "E. R. Millen Co." by the trustee, a corporation actually named "E. R. Millen Co., Inc.," was sufficient to constitute a trust receipt transaction within the uniform trust receipts act, G. L. (Ter. Ed.) c. 255A, inserted by St. 1936, c. 264; the corporation thereby acquired title to the goods covered by the receipt;

and an assignee for the benefit of creditors of the corporation, under an assignment executed more than thirty days after delivery of the goods to the corporation and before any valid statement of trust receipt financing was filed under the act, got title to the goods free of the security interest of the entruster.   [565–566]

BILL IN EQUITY, filed in the Superior Court on January 26, 1951.

The case was heard by *Goldberg*, J.

*R. Gaynor Wellings*, for the plaintiff.

*Benjamin Goldman, Louis J. Shrair, & Barbara P. Berry*, for the defendant, submitted a brief.

WILKINS, J.   Both parties appeal from a final decree entered in a suit to obtain a declaratory decree as to their rights in the proceeds of certain goods or equipment acquired by the defendant's assignor, E. R. Millen Co., Inc., a Massachusetts corporation, under trust receipt instruments.   The governing statute is the uniform trust receipts act.   G. L. (Ter. Ed.) c. 255A, inserted by St. 1936, c. 264.   See *Associates Discount Corp.* v. *C. E. Fay Co.* 307 Mass. 577.

About January 10, 1950, E. R. Millen Co., Inc., and the plaintiff entered into a financing arrangement, whereby the plaintiff agreed to finance the wholesale purchase of various types of merchandise, including electrical appliances, radios, and television sets.   On January 20, 1950, the plaintiff filed with the Secretary of the Commonwealth a statement of trust receipt financing setting forth that the plaintiff "is or expects to be engaged in financing under trust receipt transactions the acquisitions by the trustee, E. R. Millen Company," whose chief place of business is given as 495 Trapelo Road, Belmont.   The signatures to this statement were "General Motors Acceptance Corporation (Entruster)"[1] by its assistant secretary and "E. R. Millen Trustee."[2]   Thereafter E. R. Millen Co., Inc., made arrangements with various

[1] "Entruster" means the person who has or directly or by agent takes a security interest in goods, documents or instruments under a trust receipt transaction, and any successor in interest of such person.   G. L. (Ter. Ed.) c. 255A, § 1, inserted by St. 1936, c. 264.

[2] "Trustee" means the person having or taking possession of goods, documents or instruments under a trust receipt transaction, and any successor in interest of such person.   G. L. (Ter. Ed.) c. 255A, § 1, inserted by St. 1936, c. 264.

suppliers of electrical appliances for the delivery of equipment financed by the plaintiff. On December 26, 1950, E. R. Millen Co., Inc., made for the benefit of its creditors a common law assignment of all its assets to the defendant. At that time a balance was due on the purchase of equipment and for finance charges. Following the assignment the defendant took possession of all the corporate assets, including the equipment financed by the plaintiff, which has since been sold by agreement. The foregoing is admitted in the pleadings.

Additional facts were found by the judge. For about one month prior to the incorporation of E. R. Millen Co., Inc., on March 31, 1948, E. R. Millen was carrying on business with two other persons under the name of E. R. Millen Company. After the formation of the corporation the business was carried on in the same location, and there was no change in the type of business or in the manner of doing it. E. R. Millen was the president, general manager, and a director of the corporation, and had authority to sign trust instruments on its behalf. About November 13, 1950, he ceased to be manager or an officer of the corporation. The merchandise was delivered to E. R. Millen Co., Inc., more than thirty days before the assignment and pursuant to trust receipts. Five trust receipts were signed "E. R. Millen Co. Inc." by an officer of the corporation. Eight trust receipts were signed "E. R. Millen Co.," which "is not the signature of the corporation."

The judge ruled that the statement filed by the plaintiff with the Secretary of the Commonwealth "did not comply with the provisions of G. L. (Ter. Ed.) c. 255A," because the trustee's name was given in the statement as "E. R. Millen Company," instead of "E. R. Millen Co., Inc.," and the statement was signed, "E. R. Millen Trustee," which is not the name of the corporation. He then ruled that four of the instruments[1] signed in the correct name of the corporation "are trust receipts and constitute trust receipt

---

[1] Apparently the failure to include the fifth item was an oversight.

transactions within the purview of G. L. (Ter. Ed.) c. 255A";
that "as to these four items the plaintiff has a 'security in-
terest[1] as defined in § 1 of the act"; that under § 8, cl. 2,
the plaintiff's security interest was void against a "lien
creditor";[2] and that the plaintiff could not recover for these
items. As to the eight instruments not signed in the exact
corporate name, the judge ruled that they "do not consti-
tute 'trust receipt transactions',within the purview of G. L.
(Ter. Ed.) c. 255A since they were not signed by the *trustee*
as required by § 2 (i)"; that "the plaintiff did not lose title
to this merchandise, that E. R. Millen Co., Inc., never
acquired title"; and that as to them the plaintiff is entitled
to recover.

The validity of the statement filed with the Secretary of
the Commonwealth rests upon an interpretation of c. 255A,
§§ 7, 8,[3] and 13.[4] The requirement that a statement be

---

[1] "Security interest" means a property interest in goods, documents or
instruments, limited in extent to securing performance of some obligation of
the trustee or of some third person to the entruster, and includes the interest
of a pledgee, and. title, whether or not expressed to be absolute, whenever
such title is in substance taken or retained for security only. G. L. (Ter. Ed.)
c. 255A, § 1, inserted by St. 1936, c. 264.

[2] "Lien creditor" means any creditor who has acquired a specific lien on
the goods, documents or instruments by attachment, by levy, or by any other
similar operation of law or judicial process, including a distraining landlord.
G. L. (Ter. Ed.) c. 255A, § 1, inserted by St. 1936, c. 264.

[3] "Section 7.   1. (a) If the entruster within the period of thirty days
specified in subsection 1 of section eight files as in this chapter provided, such
filing shall be effective to preserve his security interest in documents or goods
against all persons, save as otherwise provided by sections eight to eleven,
inclusive, fourteen and fifteen. . . .

"Section 8.   1. The entruster's security interest in goods, documents or
instruments under the written terms of a trust· receipt transaction, shall
without any filing be valid as against all creditors of the trustee, with or
without notice, for thirty days after delivery of the goods, documents or
instruments to the trustee, and thereafter except as in this chapter otherwise
provided. . . .

"2. The entruster's security interest shall be void as against lien creditors
who become such after such thirty day period and without notice of such
interest and before filing.

"3. . . . (b) An assignee for the benefit of creditors, from the time of
assignment, . . . shall, on behalf of all creditors, stand in the position of a
lien creditor without notice, without reference to whether he personally has
or has not, in fact, notice of the entruster's interest, unless prior to such
assignment . . . the entruster has filed . . . .''

[4] "Section 13.   1. Any entruster undertaking or contemplating trust re-
ceipt transactions with reference to documents or goods, upon payment of
the proper fee, may file with the state secretary a statement, signed by the
entruster and the trustee, containing:

filed in order to preserve the entruster's security interest in the goods against lien creditors is in § 7, cl. 1 (a), and § 8, cl. 2. That an assignee for the benefit of creditors, such as the defendant, is a lien creditor in the present circumstances if no valid statement has been filed is clear from § 8, cl. 3 (b).

The provisions as to what a statement must contain are in § 13. The name of the corporation being "E. R. Millen Co., Inc.," if the reasonable construction of the act is that either the designation of the trustee or its signature must be in its precise and exact corporate name, there manifestly has been no compliance here where the designation was "E. R. Millen Company" and the signature was "E. R. Millen Trustee." *China Clipper Restaurant, Inc.* v. *Yue Joe*, 312 Mass. 540, 543. The purpose of the designation is that there be one centralized place for filing for the entire

---

"(a) A designation of the entruster and the trustee, and of the chief place of business of each within the commonwealth, if any . . . .

"(b) A statement that the entruster is engaged, or expects to be engaged, in financing under trust receipt transactions the acquisition of goods by the trustee; and

"(c) A description of the kind or kinds of goods covered or to be covered by such financing.

"2. The following form of statement (or any other form of statement containing substantially the same information) shall suffice for the purposes of this chapter:

STATEMENT OF TRUST RECEIPT FINANCING.

"The entruster,................................whose chief place of business within this state is at................................, (or who has no place of business within this state and whose chief place of business outside this state is at................................,) is or expects to be engaged in financing under trust receipt transactions the acquisition by the trustee,................................whose chief place of business within this state is at............................of goods of the following description:

"(General words of description, such as 'coffee', 'silk', 'automobiles', will be sufficient.)

(Signed)........................................*Entruster.*
(Signed)........................................*Trustee.*

"3. The state secretary shall cause each statement filed to be marked with a consecutive file number, and with the date and hour of filing, to be kept in a separate file, and to be noted and indexed in a suitable index, arranged according to the name of the trustee and containing a notation of the trustee's chief place of business as given in the statement. The fee for filing any such statement shall be one dollar.

"4. Presentation for filing of the statement described in subsection 1, and payment of the filing fee, shall constitute filing under this chapter, in favor of the entruster, as to any documents or goods falling within the description in the statement which are within one year after the date of such filing, or have been, within thirty days previous to such filing, the subject-matter of a trust receipt transaction between the entruster and the trustee."

Commonwealth and there be maintained at that place an intelligible and easily available index "arranged according to the name of the trustee and containing a notation of the trustee's chief place of business as given in the statement." As a result of a notice to admit facts, it must be taken as true that "E. R. Millen Co., Inc.," is not listed among the records kept by the Secretary of the Commonwealth under § 13, cl. 3, and that the plaintiff never filed a statement of trust receipt financing "in which 'E. R. Millen Co., Inc.' was designated as a trustee," or signed as a trustee.

It is urged upon us that the statute merely requires that the trustee be so designated that a creditor or other interested person would not be misled as to the identity of the trustee; and here, it is said, no one could be deceived because of the resemblance of name, the identity of address, and the description of the goods acquired by the trustee. If we assume that there was regularity in the office of the Secretary of the Commonwealth, and that the statement was indexed under the name of the trustee as therein given, we are nevertheless of opinion that the designation was not in compliance with the act. This, we must bear in mind, is a uniform law. No pertinent decision on the present point has come to our attention. But it cannot be doubted that the statute must be construed in a way that will tend to uniform decisions in the several States. Any relaxation in strict interpretation tends, in a given case, to carry in the opposite direction and, for future cases, to open the door wider to still other variations. Even if we assume that a person consulting the index would find the way to the particular statement with which we are now concerned, we nevertheless are not sure how great a duty of investigation the statute fairly intended should be imposed upon the public, some members of which might not seek the information on file by attendance at the Secretary's office. What mainly concerns us, however, is the constructive notice sought to be imposed upon everyone as a consequence of the mere fact of filing and irrespective of investigation. In order to achieve constructive effect, it seems only right

that there be exact compliance with the statute. After all there is no hardship for an entruster to see that the statutory requirements are met and the documents accurately executed. See *In re Brownsville Brewing Co.* 117 Fed. (2d) 463, 466 (C. C. A. 3). We need not pass upon the sufficiency of the signing by the trustee. The trial judge rightly ruled that the statement of trust receipt financing was invalid as not containing a proper designation of the trustee.

We next consider the judge's other ruling that the various trust receipts not signed in the precise corporate name are not trust receipt transactions under c. 255A, "§ 2 (i)."[1] This ruling was predicated on the fact that the signatures were "E. R. Millen Co." and not "E. R. Millen Co., Inc.," and upon the statutory provision that in order to come within the act a trust receipt must be signed by the trustee. §§ 2, cl. 1 (i), and 2, cl. 2. But these subsections do not prescribe any particular form of signature. The trust receipts are not for public recording or inspection but constitute private agreements between the entruster and the trustee. There is nothing in these subsections or in the act as a whole to reveal an intent to change the common law

---

[1] "Section 2. 1. A trust receipt transaction within the meaning of this chapter is any transaction to which an entruster and a trustee are parties, for one of the purposes set forth in subsection 3, whereby —

"(a) The entruster or any third person delivers to the trustee goods, documents or instruments in which the entruster (i) prior to the transaction has, or for new value (ii) by the transaction acquires or (iii) as the result thereof is to acquire promptly a security interest; . . .

"Provided, that the delivery under paragraph (a) . . . is either —

"(i) Against the signing and delivery by the trustee of a writing designating the goods, documents or instruments concerned, and reciting that a security interest therein remains in or will remain in, or has passed to or will pass to, the entruster, or

"(ii) Pursuant to a prior or concurrent written and signed agreement of the trustee to give such a writing.

"The security interest of the entruster may be derived from the trustee or from any other person, and by pledge or by transfer of title or otherwise. . . .

"2. A writing such as is described in paragraph (i) of subsection 1, signed by the trustee, and given in or pursuant to such a transaction, is designated in this chapter as a 'trust receipt'. No further formality of execution or authentication shall be necessary to the validity of a trust receipt.

"3. A transaction shall not be deemed a trust receipt transaction unless the possession of the trustee thereunder is for a purpose substantially equivalent to any one of the following:

"(a) In the case of goods, documents or instruments, for the purpose of selling or exchanging them, or of procuring their sale or exchange . . . ."

of contracts as to what may be a binding form of signature on the part of a corporation. "It is well settled that a person or corporation may assume or be known by different names, and contract accordingly, and that contracts so entered into will be valid and binding if unaffected by fraud. . . . The validity, so far as third parties are concerned, of contracts entered into by a person or corporation under a name other than his or its own proper name does not depend upon whether he or it is as well known by that name as by his or its true name, but upon whether quoad the particular transaction, the name is used in good faith by the party adopting it as a descriptio personae." *William Gilligan Co.* v. *Casey*, 205 Mass. 26, 31. *W. W. Britton Inc.* v. *S. M. Hill Co.* 327 Mass. 335, 338. Cook, Corporations (8th ed.) § 15. 19 C. J. S., Corporations, § 1136. See *Assessors of Boston* v. *Neal*, 311 Mass. 192, 199; *Century Indemnity Co.* v. *Bloom*, 325 Mass. 52, 55. We think that there was error in the ruling that E. R. Millen Co., Inc., never acquired title to the equipment covered by those trust receipts which were signed "E. R. Millen Co."

The final decree is reversed, and a new final decree is to be entered declaring that the plaintiff has no security interest in the proceeds of any of the property described in "Exhibit B" annexed to the bill of complaint, and that title thereto is in the defendant, who is to have costs of this appeal.

*So ordered.*