In the Matter of A A APPLIANCE & TV CENTER, INC., Bankrupt.
No. 58–B–216.

United States District Court
E. D. Wisconsin.
Feb. 13, 1959.

Churchill, Duback & Churchill, Milwaukee, Wis., for Marshall & Ilsley Bank.

Irvin B. Charne, Milwaukee, Wis., for trustee.

TEHAN, Chief Judge.

This case is before the court on a petition for review of an order of the referee in bankruptcy denying a petition of the Marshall & Ilsley Bank for reclamation of certain personal property.

On December 5, 1957, pursuant to the provisions of Section 241.43, Wisconsin Statutes, a portion of the Uniform Trust Receipts Act, a statement of trust receipt financing between the petitioner as entruster and the bankrupt as trustee was filed in the office of the Wisconsin Secretary of State, describing the kind of goods to be financed as "Television, Appliances, and Other Similar Equipment."

The trustee in bankruptcy is now in possession of refrigerators, ranges, washers, a dryer and a freezer which had been delivered to the bankrupt under written trust receipts. On April 14, 1958, following his refusal upon demand to surrender the property to the petitioner, a petition for reclamation was filed, which petition was denied by the referee on June 12, 1958.

We are now asked to determine whether compliance with Section 241.43(1)(c) is had by describing refrigerators, ranges, washers, a dryer and a freezer as "appliances".

Section 241.43(1) Wisconsin Statutes, provides as follows:

"241.43(1) Any entruster undertaking or contemplating trust receipt transactions with reference to documents or goods is entitled to file with the secretary of state a statement, signed by the entruster and the trustee, bearing the correct name of the sole trader, copartnership or corporation of the entruster and trustee, as well as the correct trade name, if one is used; and have plainly printed or typewritten thereon the names of the parties executing the same; the statement shall further contain:

"(a) A designation of the entruster and the trustee, and of the chief place of business of each within this state, if any, including street and post-office address; and if the entruster has no place of business within the state, a designation of his chief place of business outside the state, including street and post-office address; and

"(b) A statement that the entruster is engaged, or expects to be engaged, in financing under trust receipt transactions the acquisition of goods by the trustee; and

"(c) A description of the kind or kinds of goods covered or to be covered by such financing."

The referee's order denying the petition is based on his memorandum opinion of June 12, 1958, which in material part stated:

"It is my opinion that the description as contained in the statement of trust receipt financing is insufficient and does not give 'Notice to Creditors' except as to television sets. Refrigerators, ranges, washers, driers and freezers are not adequately described when they are described in such general terms as ' * * * Appliances and Other Similar Equipment.' A more detailed description of the goods is required."

No authority is cited by the referee and we have found none precisely in point in respect of Section 241.43(1)(c). It seems likely, however, from his decision and the briefs submitted to him, that he adopted and relied on the principle applied by a number of courts to other provisions of the Act that there should be a requirement of strict compliance with the provisions of the act since it is in derogation of the common law and be-

cause a uniform act, by its nature, demands uniform application [1] obtainable solely by a strict construction of its provisions.[2] In The Matter of Le Vee and Co., Inc. (Norge Chicago Corporation and B–W Acceptance Corporation v. Curtis), 7 Cir., 1958, 252 F.2d 214; General Motors Acceptance Corp. v. Haley (Mass.) 1952, 329 Mass. 559, 109 N.E.2d 143; In re San Clemente Electric Supply, D.C.S.D.Cal.1951, 101 F.Supp. 252.

It is true that certain provisions of the act are susceptible of a rule of strict compliance. Thus the information required by the provisions of 241.43(1)(a) and (b) can be stated with exactness. There is but one correct name of the entruster, and of the trustee, the chief place of business of both can be stated with certainty, the trustee is either a sole trader, a co-partnership, or a corporation, and can so state, and the entruster can aver that he is engaged or expects to be engaged in financing under trust receipt transactions the acquisition of goods by the trustee. All these facts are clearly known by the parties at the time the statement is filed, and we know of no hardship involved in requiring that such information be set out with exactness.

However, the precise question presented by this case of what standard of compliance should be required to meet the obligations of 241.43(1)(c) cannot be simply answered by application to it of the principles applicable to Sections 241.43(1)(a) and (b).

Section 241.43(1)(c) more so than other provisions of 241.43(1) must be construed with 241.43(2):

"(2) The following form of statement (or any other form of statement containing *substantially* the same information) shall suffice for the purposes of ss. 241.31 to 241.50:

1. It should be noted that uniformity of construction and interpretation of the Uniform Trust Receipts Act is provided for by the Act itself.

Section 241.48 "Uniformity of interpretation. Sections 241.31 to 241.50 shall be so interpreted and construed as to ef-

fectuate its general purpose to make uniform the law of the states which enact it."

2. We do not exclude the possibility that the referee was of the opinion that the given description fell short of the stand-

"Statement of trust receipt financing

"The entruster, ... ...., whose chief place of business within this state is at ...... Street, in the city of ...... and state of ...... (or who has no place of business within this state and whose chief place of business outside this state is at ...... Street, in the city of ...... and state of ......, is or expects to be engaged in financing under trust receipt transactions the acquisition by the trustee, ......, a sole trader ( ), a corpartnership ( ), or corporation ( ), whose chief place of business within this state is at ...... (Street or Rural Route No.), and whose P. O. address is ...... ......, of goods of the following description: *coffee, silk, automobiles or the like.*

(Signed)..........Entruster
(Signed)..........Trustee"

We have underlined in the above, the word "substantially" in the parenthetical clause, and the words "coffee, silk, automobiles or the like" at the end as being exemplary of the degree of definiteness required by the provisions of 241.43(1) (c) "A description of the kind or kinds of goods covered or to be covered by such financing." Certainly it cannot be successfully argued that the parties to such agreements are required by 241.43 (1) (c) *to* furnish a more detailed description of the kind or kinds of goods they are dealing in than such broad descriptive terms as "coffee, silk [or] automobiles" which the statute prescribes as constituting a sufficient description for notice to creditors. It is likewise abundantly clear that it is not the statutory purpose to require the filing of a statement that would supply, without further inquiry, all the information that a prospective creditor would need to know. Only a statement detailing precisely the types, the styles, colors, manufacturers' numbers and models, the precise amounts or quantities and other distinguishing

ard of substantial compliance as established by the holding in In re Nickulas

factors together with an itemization of the amount and terms of the financing could provide this.

In respect of notice therefore, we can only conclude that the framers of the act contemplated providing only for the first step of a two-step process to be undertaken by a prospective creditor in order to discover the exact status of the goods he is concerned with. Put another way, it expressly appears that the burden in the first instance is put upon the entruster and the trustee to supply prescribed basic information about the parties, the kind of goods covered, and the form of financing. Once this is done in such a way that a ready and reliable course of inquiry is laid out, the burden implicitly shifts to the creditor to take the further step of contacting the entruster for detailed information. The sufficiency and reasonableness of such type of notice is the more apparent when one recognizes, as the framers of the Uniform Act patently did, that this type of financial transaction affects creditors who are more or less sophisticated, and that buyers from the trustee who pay cash for the goods or who buy on credit are given protection against the entruster whether there has been a filing or not. Section 241.39, Wisconsin Statutes.

The Report of Committee on Uniform Trust Receipts Act, 1933 Handbook of the National Conference of Commissioners on Uniform State Laws, P. 241, puts it much stronger. After observing that a buyer from a trustee is protected the Committee states: (P. 253)

"After filing, no pledgee, mortgagee or transferee in bulk can take free of the entruster's interest. The reason is clear: All of these are persons whose business it is to look up the status of any trustee with whom they are dealing."

Further comments of that Committee on the form and contents of this unique type of notice are helpful in determining the construction to be given it:

(Refrigerator Discount Corp. v. Tatelbaum), D.C.Md.1954, 117 F.Supp. 590.

"The Act provides for a type of filing which is convenient, cheap and effective. The filing reveals all that a prospective creditor of the dealer needs to know, but reveals nothing more than that." (P. 250)

"The filing required reveals nothing to the dealer's competitors of the price paid by him for the merchandise covered by the financing." (P. 252)

In the light of the foregoing we cannot see where a stricter compliance can be required in respect of a description of the kind or kinds of goods to be covered where the statute itself prescribes such broad descriptive words as "coffee, silk, automobiles."

■ It is undisputed in this case and accords with common knowledge that the chattels we are here concerned with, refrigerators, ranges, washers, dryer and freezer, are appliances. However, the trustee in bankruptcy, while conceding that the chattels are appliances and that the statute does not require a precise itemization of each article, urges that since the word "appliance" applies to many other articles, particularly small or traffic appliances, that the description is inadequate. He suggests that the terms "home appliances", "major appliances", "white goods" or "refrigerators, ranges, etc.," being more restrictive would better describe the goods and hence give better notice to the prospective creditor. We agree. But we can also agree that "jeeps, panel trucks, heavy trucks, passenger cars, buses, etc." would be better descriptions than "automobiles", and that "raw silk, silk lingerie, silk ribbons, or stockings, etc." would also be more descriptive than the work "silk". But the words "automobiles" and "silk" are terms approved as adequate.

■ Rather than have to resort to exercises in semantics in each case, it seems to us that the intent of the act in respect of notice is met if the descriptive words used would inform an experienced and sophisticated creditor that goods in the possession of the trustee could not be relied on and that he should investigate further.

■ It is our opinion that any prospective creditor contemplating financing the trustee in respect of refrigerators, ranges, washers, dryer and freezer, in the latter's possession, has all the notice intended by the act when he learns from the statement on file that the Marshall & Ilsley Bank, as entruster, and the A A Appliance & TV Center, Inc., as trustee, are or expect to be engaged in financing under trust receipts transactions in respect to appliances.

It follows that the entruster, Marshall & Ilsley Bank, being in compliance with the notice provisions of the act has never lost its security interest in the goods and is entitled to their possession in proceedings for reclamation.

The order of the referee, dated June 12, 1958, denying such petition for reclamation is reversed and the matter is remanded to him for further proceedings not inconsistent with this opinion.