**In the Matter of AA APPLIANCE & TV CENTER, INC., Bankrupt.**

**Benjamin TRUE, as Trustee, Appellant,**

**v.**

**MARSHALL & ILSLEY BANK, Appellee.**

**No. 12679.**

United States Court of Appeals
Seventh Circuit.

Nov. 19, 1959.

Irvin B. Charne, Milwaukee, Wis., for appellant.

Gordon H. Smith, Jr., Shurchill, Duback & Churchill, Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Marshall and Ilsley Bank of Milwaukee, Wisconsin, filed, with the Wisconsin Secretary of State, a statement of the Bank's financing and anticipated financing (by means of trust receipt transactions) of acquisition of "Television, Appliances and Other Similar Equipment" by AA Appliance & TV Center, Inc.

Subsequently the President of the AA Appliance delivered to the Bank three trust receipts on refrigerators, washers, dryers and a freezer. When AA Appliance was adjudicated a bankrupt, the trustee in bankruptcy took possession of all assets including the unsold merchandise enumerated in the trust receipts. The referee denied the Bank's petition to reclaim these items on the ground that the statement filed with the Secretary of State insufficiently described the goods, and that they were, therefore, not subject to any security interest of the Bank.

On review District Judge Tehan reversed the referee and this appeal followed.

The applicable statute reads:

"241.43(1) Any entruster undertaking or contemplating trust receipt transactions with reference to documents or goods is entitled to file with the secretary of state a statement, signed by the entruster and the trustee, bearing the correct name of the sole trader, copartnership or corporation of the entruster and trustee, as well as the correct trade name, if one is used; and have plainly printed or typewritten thereon the names of the parties executing the same; the statement shall further contain:

"(a) A designation of the entruster and the trustee, and of the chief place of business of each within this state, if any, including street and post-office address; and if the entruster has no place of business within the state, a designation of his chief place of business outside the state, including street and post-office address; and

"(b) A statement that the entruster is engaged, or expects to be engaged, in financing under trust receipt transactions the acquisition of goods by the trustee; and

"(c) A description of the kind or kinds of goods covered or to be covered by such financing.

"(2) The following form of statement (or any other form of statement containing *substantially* the same information) shall suffice for the purposes of ss. 241.31 to 241.50:

"Statement of trust receipt financing

"The entruster, ——— ———, whose chief place of business within this state is at ——— Street, in the city of ——— and state of ——— (or who has no place of business within this state and whose chief place of business outside this state is at ——— Street, in the city of ———. and state of ———, is or expects to be engaged in financ-

ing under trust receipt transactions the acquisition by the trustee, ————————, a sole trader ( ), a copartnership ( ), or corporation ( ), whose chief place of business within this state is at ————— (Street or Rural Route No.), and whose P. O. address is —————, of goods of the following description: coffee, silk, automobiles or the like.

| | |
|---|---|
| "(Signed) ————— | Entruster |
| "(Signed) ————— | Trustee" |

Section 241.39 expressly provides that entrusters are subordinated to bona fide purchasers for value and that filing of the statement under Section 241.43 shall not constitute notice of the entruster's interest to such bona fide purchasers for value other than to transferees in bulk.

In his closely reasoned opinion, D.C., 170 F.Supp. 103, the District Judge agreed with the referee that certain portions of this statute, such as statement of names and places of business, which are clearly known at the time the statement is filed, are susceptible of strict compliance (citing cases) but that the statute itself calls only for "substantially" the same information as set out in the sample form of Section 241.43(2) with its suggested broad descriptive terms.

The trustee argues that the word "appliances" is a less specific term than the examples in the statute. He sees "appliances" as analogous to "groceries" and "fabric" rather than "coffee" and "silk". He states that he knows of no other cases in point, but fears that the District Court's decision, if affirmed, will establish a policy adverse to the uniformity which would be desirable in connection with trust receipt financing.

 Here the name of the bankrupt provides a clue. The statute calls for no statement of the amount or terms of the loan. We are constrained to agree with the distinguished District Court Judge, that: [170 F.Supp. 104]

"In respect of notice therefore, we can only conclude that the fram-

ers of the act contemplated providing only for the first step of a two-step process to be undertaken by a prospective creditor in order to discover the exact status of the goods he is concerned with. * * *

"Rather than have to resort to exercises in semantics in each case, it seems to us that the intent of the act in respect of notice is met if the descriptive words used would inform an experienced and sophisticated creditor that goods in the possession of the trustee could not be relied on and that he should investigate further."

Affirmed.