**WILSHIRE OIL COMPANY OF CALI-FORNIA, Appellant,**

v.

**John COSTELLO, as Trustee of the Estate of Elliott Oil Co., bankrupt, Appellee.**

**No. 19811.**

United States Court of Appeals
Ninth Circuit.

July 6, 1965.

R. W. Curtis, Curtis, Laymon & Allen, Los Angeles, Cal., for appellant.

Robert E. Phelan, Rothschild & Phelan, San Francisco, Cal., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

BARNES, Circuit Judge:

Appellee Costello is trustee of the estate of Elliott Oil Company, a bankrupt. The district court held he was the owner of the bankrupt's accounts receivable, and any moneys paid thereon, free and clear of any claim of appellant Wilshire Oil Co.

Bankrupt had assigned these accounts to appellant on November 19, 1959, as security for $100,000 in notes representing an indebtedness to Wilshire. Wilshire collected after default on the notes on February 15, 1961. On March 27, 1961, Elliott Oil filed a voluntary petition in bankruptcy, one year and four months after assignment.

The notice of assignment was filed November 30, 1959 with the Recorder of Contra Costa County. It was signed by assignor; not by assignee, as required by California law. The district court held the notice of assignment did not comply with California Civil Code § 3019.

Appellant urges error on four grounds, reduced to three in argument:

(1) The assignment *did* comply with Cal.Civ.Code § 3019.

(2) The requirement of § 3019 that *both* assignor and assignee sign the assignment is merely directory, not mandatory.

(3) There was a substantial compliance, if not a complete compliance with § 3019.[1]

We cannot agree with appellant. California Civil Code § 3018 refers to assignments of accounts receivable. Three times it requires that the "notice" is to be filed "as provided in this chapter." Section 3019 is in the same chapter, and requires the filing, not of the assignment, but of a notice thereof.[2] The first two numbered paragraphs refer to the *assignment* itself; the next paragraph to the *notice*. Two separate docu-

---

1. The fourth ground was that a voidable preference was created by appellant's collections on the account prior to the petition in bankruptcy.

2. "3019. *Notice; filing; requisites of assignment*
   Notice of an assignment or of intention to assign an account or accounts may be filed in the office of the filing officer. Such notice shall not be effective unless:
   1. The assignment shall be in writing and shall be signed by the assignor, and
   2. The assignment, if it assigns accounts to arise in the future, gives the general nature of the business out of which such accounts are to arise and the address where such business is or will be carried on, and
   The notice is signed by the assignor and assignee and contains a designation of the assignor and the assignee, and of the chief place of business of each within this State, if any, and if either of them has no place of business within the State, a designation of his residence or chief place of business outside the State and a designation of the general nature of the business out of which such accounts arise; and, either
   (a) A statement that the assignor intends to assign or has assigned an account or accounts then existing or thereafter arising to the assignee, or
   (b) A statement that the assignor intends to assign or has assigned certain specified accounts in which event the statement may contain:
   (1) A list of the accounts so to be assigned, setting forth the amount of each such account and the names and addresses of the persons owing the same; and
   (2) If such accounts are to be assigned as collateral security for a specific obligation, a declaration to that effect, and a statement of the amount of such obligation." (Cal.Civ.Code § 3019.)

ments are involved. By the provisions of § 3019, if certain acts are omitted in the notice, such omission invalidates the unrecorded assignment (i. e., the notice "shall not be effective" unless (a) the *assignment* is in writing; (b) if for future accounts, the "general nature of the business" of the assignor and the address given *where such business is carried on,* and (c) the *notice is signed by assignor and assignee,* designated as such, with each party's chief place of business). Other requirements of the *notice* are not here material.

■■ It is conceded no rule of thumb exists as to what is merely "directory" in a statute, and what is "mandatory." "The word 'shall' in a statute may sometimes be directory only, whereas the word 'may,' seemingly much less forceful, may be mandatory. Pulcifer v. County of Alameda, 29 Cal.2d 258, 262, 175 P.2d 1 [(1946)]." Carter v. Seaboard Fin. Co., 33 Cal.2d 564, 573, 203 P.2d 758, 764 (1949). A statute should not be construed as to be rendered meaningless. Ibid. If such language were merely desirable matter, to be included at the option of one party, then it would not be mandatory. Cf. Carter v. Seaboard Fin. Co., supra, at 573, 203 P.2d at p. 764.

Is the requirement under consideration material or immaterial? Is it a matter of convenience, or substance?

Appellant urges that because it was designated as assignee, adequate notice was given to assignor's debtors, and hence a characterization of the signature requirement as "directory" only would not render the statute ineffective and meaningless. No cases are cited by appellant on this precise point.

Appellee, on the other hand, points out that the requirement that both assignor and assignee sign was inserted not only in § 3019, but in the Uniform Trust Receipts Act, the Inventory Lien Law of 1957 and the Commercial Code (§ 9402), and that there must have been some legislative purpose in including the provision for double signing in each such statutory enactment. Appellee also asserts that what constitutes "substantial compliance" should not be passed upon by the courts each time there has been a failure to follow a specific statutory requirement, for the purpose of the enactment is to establish some definite rule and some certainty.

Unlike § 3019 (which has no provision for "substantial performance" to take the place of actual performance), § 9402(5) of the Uniform Commercial Code permits "minor errors which are not seriously misleading" to be corrected because there has been "substantial compliance." In the Uniform Commercial Code's official comments, there is reference to General Motors Acceptance Corp. v. Haley, 329 Mass. 559, 109 N.E.2d 143 (1952) as an example of what is considered a "minor error." There the name of the company as signed omitted the word "Inc."; otherwise it was correct. To hold that despite such an error there is a "substantial compliance" does not subvert the statute; it subserves its purpose.

■ But can this court say as a matter of law that the state legislature could not conclude there was some value to requiring both signatures? We think not. We think the hypothetical situation described by appellee has merit.[3] The requirement of the notice here attacked serves two purposes: (a) to give notice to the world of the existence of the assignment of accounts; (b) to demonstrate, through recordation of specified

---

3. "Undoubtedly, legislatures who have passed this legislation have all agreed that there is some value to requiring both signatures. It aids authentication of the transaction, inasmuch as one would not assume that an assignor would forge the assignee's signature although the assignor might go so far as to attempt to create a false impression by filing a false notice without securing the signature of the assignee. Why should a creditor of the assignor levy a garnishment on accounts receivable if they have already been assigned. If the notice has not been signed by the assignee, the creditor would not be unreasonable in assuming that the assignor is trying to insulate its accounts from his creditors." (Appellee's Br. p. 10)

facts, the authenticity of the underlying transaction. The second purpose requires the signature of the assignee. We hold that the statutory language is mandatory and that there has been no substantial compliance.

Nor are we impressed with the argument that there has been compliance because the document recorded was requested to be recorded by a "cover letter" signed by Wilshire Oil Co. This transmittal letter was not recorded, and it is not the purpose of the statutory recording requirements to require one searching the recorder's office to also search the recorder's files for unrecorded transmittal letters, assuming such documents are first, retained, and secondly, available to public examination.

We agree the holding in the court below correctly expresses the law; that each party's signature to the assignment of accounts is required because the words of the statute are "express, clear, and couched in mandatory language."

Affirmed.