455 F.2d 281
 10 UCC Rep.Serv. 191
 In the Matter of Ronald L. RICHARDS, a/k/a Ron Richards,
Debtor, International Harvester Credit
Corporation, Creditor-Appellant,
v.
William H. NICHOLIS, Jr., Trustee, Trustee-Appellee.
 No. 71-1285.
 United States Court of Appeals,
Sixth Circuit.
 Feb. 9, 1972.
 
 Charles H. Tobias, Jr., Cincinnati, Ohio, for creditor-appellant; Steer, Strauss, White & Tobias, Cincinnati, Ohio, on brief.
 Robert W. Sawdey, Grand Rapids, Mich., for trustee-appellee; Porter, Day & Sawdey, Grand Rapids, Mich., on brief.
 Before WEICK and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 WEICK, Circuit Judge.
 
 
 1
 This appeal is from an order of the District Court affirming an order of the Referee in Bankruptcy which held invalid, as against the unsecured creditors of the bankrupt, two security agreements executed by the bankrupt prior to bankruptcy, as security for payment of the unpaid balance of purchase price of two International Harvester tractor trucks.
 
 
 2
 The reason given by the District Court was that the Financing Statement which was duly filed with the Register of Deeds as provided by law did not sufficiently describe the tractors and hence the lien was invalid.
 
 
 3
 The case is governed by the Uniform Commercial Code, which was adopted in the state of Michigan, effective January 1, 1964.
 
 
 4
 Section 19.9402 of Michigan Statutes Annotated, M.C.L.A. Sec. 440.9402, provides in pertinent part as follows:
 
 
 5
 "(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral
 
 
 6
 ______
 
 
 7
 * * *
 
 
 8
 "(3) A form substantially as follows is sufficient to comply with subsection (1):
 
 Name of debtor (or assignor) ______
 Address ____________________
 Address ____________________
 
 9
 Name of secured party (or assignee) ______________________________
 
 Address ____________________
 
 10
 1. This financing statement covers the following types (or items) of property:
 
 
 11
 (Describe) ____________________
 
 
 12
 ______
 
 
 13
 * * *
 
 
 14
 "(5) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."
 
 
 15
 M.S.A. Sec. 19.910 provides that "any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." M.C.L.A. Sec. 440.9110.
 
 
 16
 In the case at bar each financing statement contained the name and address of the debtor (bankrupt), the name and address of the secured party (dealer who sold the tractors to the bankrupt), the signatures of the debtor and the secured party, the name and address of the assignee, International Harvester Company, and the date and hour of filing with the Register of Deeds.
 
 
 17
 Item 9 of the financing statement with respect to the 1969-tractor read as follows:
 
 
 18
 "9. This financing statement covers the following types or items of property:
 
 1969-COF 4070A
 
 19
 Serial No. 259471 G 331904"
 
 
 20
 The description of property in the financing statement with respect to the 1968 tractor read as follows:
 
 
 21
 "1968 COF 4000D-359471 G 288307"
 
 
 22
 The letters "COF" described a model of tractor known as "Cab over tandum." The serial numbers of the two tractors in the financial statements were correct.
 
 
 23
 The only question in the case is whether these descriptions in the financing statement reasonably identify what is described so as to give notice to and to put on inquiry any subsequent purchaser, lender or creditor, searching the records to ascertain the existence of liens on the debtor's personal property.
 
 
 24
 The fundamental purpose of the Uniform Commercial Code was to provide a system of notice filing.
 
 
 25
 In the Annotations under M.S.A. Sec. 19.9402 there are comments of the National Conference of Commissioners and American Law Institute, which are in pertinent part as follows:
 
 
 26
 "Purposes:
 
 
 27
 "1. Subsection (1) sets out the simple formal requisites of a financing statement under this Article. These requirements are: (1) signatures and addresses of both parties; (2) a description of the collateral by type or item . . .
 
 
 28
 "2. This Section adopts the system of 'notice filing' which has proved successful under the Uniform Trust Receipts Act. What is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs . . .
 
 
 29
 "5. Subsection (5) is in line with the policy of this Article to simplify formal requisites and filing requirements and is designed to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves . . ."
 
 
 30
 It will be noted from subsection (5) of this section that a financing statement which substantially complies "with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."
 
 
 31
 The financing statements in the present case contain no errors and there is nothing misleading about the description of the type of personal property. The only complaint is that the property should have been more fully described so as to indicate what the initials "COF" stood for, and to indicate that they related to International Harvester tractors.
 
 
 32
 The decision of the District Court is in conflict with In Re Bengston, 3 UCC Reporting Serv. 283 (D.Conn., 1965), 40 Conn.Bar J. 57, which is a well written decision of a Connecticut Referee in Bankruptcy. In that case the secured party was "Coca-Cola Bottling Co." The property was described in the financing statement as "(1) CAV. 80 $300.00 Ser. 326147." This property was a coca cola cooler, sold to the bankrupt by conditional sale contract.
 
 The opinion of the referee states:
 
 33
 "Obviously with a serial number it was an appliance of some sort sold by the Coca-Cola Bottling Co. The trade name of the article is presumably known to individuals who trade with the Coca-Cola Bottling Co. At any rate the details could be easily ascertained by inquiry of the secured party and the appliance itself could be precisely identified by the serial number. No one could be 'seriously misled' by the description." (p. 288)
 
 
 34
 The referee relief on In Re Excel Stores, Inc., 341 F.2d 961 (2d Cir. 1965), where the secured party, "Excel Stores, Inc." was erroneously described as "Excel Department Stores." In reversing the judgment of the District Court invalidating the lien of the secured party, the Court of Appeals stated:
 
 
 35
 "It is easy to understand why in the earlier period before the adoption of the Uniform Commercial Code there were so many decisions of courts holding seemingly trifling discrepancies and omissions to be defects fatal to the security interests of conditional vendors. The basic reason for these holdings was the fact that the vendee had open possession of the personal property involved and there was nothing attached to or marked upon the articles to give a prospective creditor or other interested person notice that the person in possession held subject to a security interest in someone else. Cf. Benedict v. Ratner, 1925, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991. It was perhaps thought that, under these circumstances, it was perfectly fair to require rigid adherence to statutory requirements and not permit even the slightest deviation. A notorious example, specifically disapproved by the Code, is General Motors Acceptance Corp. v. Haley, 1952, 329 Mass. 559, 109 N.E.2d 143. For exhaustive, and amusing, lists of similar cases, see Coogan, Public Notice Under the Uniform Commercial Code, 47 Iowa L.Rev. 289, nn. 5, 82, 86 (1962); Note, 50 Cornell L.Q. 128, 130, n. 29 (1964).
 
 
 36
 "In the light of modern conditions, however, the joint efforts of the American Law Institute and the National Conference of Commissioners on Uniform State Laws disclosed substantial disagreement with what was described in the Official Comment to Section 9-402(5) as 'fanatical and impossibly refined reading of * * * statutory requirements in which courts have occasionally indulged themselves.' Cf. Coogan, supra, at 319-320. The result was the scrapping of the old statutory scheme, which varied from State to State, and the substitution for it of the filing of a simple notice the purpose of which is only to 'give the minimum information necessary to put any searcher on inquiry.' The Official Comment concluded: 'Technical requirements are eliminated, pitfalls are avoided.'
 
 
 37
 "To effectuate this purpose, and in the spirit of liberality and substantial justice so often expressed by Professor Karl N. Llewellyn, the Chief Reporter of the Code, there was included in the very Section of the Code that enumerates the formal requisites of the notice, which we have already quoted in full, the following Subdivision (5) that we think is dispositive of this case:
 
 
 38
 "'A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.'
 
 
 39
 "We hold the error made by Machado to be a 'minor error' which is not 'seriously misleading."' (Id. at 963-964)
 
 
 40
 In Still Associates, Inc. v. Murphy, 267 N.E.2d 217 (Mass.1971), there was an error in the last digit of the serial number of a pickup truck described in the financing statement. In holding that this error did not invalidate the lien, Justice Reardon, who wrote the opinion for the Court, stated:
 
 
 41
 "Section 9-402 sets up a system of 'notice filing' which we have previously described as 'a method of protecting security interests which at the same time would give subsequent potential creditors and other interested persons information and procedures adequate to enable the ascertainment of the facts they needed to know' (emphasis supplied). National Cash Register Co. v. Firestone & Co., Inc., 346 Mass. 255, 261, 191 N.E.2d 471. Section 9-402(5) provides in particular that '[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.' If we apply this provision to the facts of this case consistently with 'the broad purposes of the act' (see National Cash Register Co. v. Firestone & Co., Inc., supra, at p. 261, 191 N.E.2d at p. 475) we are led to conclude that the validity of the financing statement was not affected by the mistake in the last digit of the serial number." (Id. at 218)
 
 
 42
 We think the descriptions of the tractors in the present case with the correct serial numbers and the correct names and addresses of the debtor, secured party and the assignee, were adequate notices, and served to put any interested person on inquiry that International Harvester Co. had a security interest in the property described.
 
 
 43
 All that would be required of such a person is to call the office of the Registrar of Deeds and make inquiry as to any security agreements on the personal property of the debtor. He would be advised that International Harvester Co., the assignee of the dealer, held the security interest on the personal property described. Inquiry addressed to International Harvester Co. would obtain full information as to the nature and extent of its claim and the property embraced in the agreement.
 
 
 44
 A Trustee in Bankruptcy acquires title to the assets of a bankrupt by operation of law. He is not an innocent purchaser for value, but takes title to the bankrupt's property subject to all liens, claims and equities thereon. He has the lien of an execution creditor, which is about the lowest form of security. Alikasovich v. Manufacturers Nat'l Bank, 275 F.2d 454 (6th Cir. 1960), aff'd in Lewis, Trustee v. Manufacturers Nat'l Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961); Schueler v. Weintrob, 360 Mich. 621, 105 N.W.2d 42 (1960).
 
 
 45
 The judgment of the District Court is reversed and the cause is remanded with instructions to allow the lien of the appellant.