Kenton-Walker,-Janet, J.
On December 10, 2009, the plaintiff, Helen Alexander, brought this personal injuiy action against William Daley, Spring Garden, LLC, and Cyprian’s, Inc. On May 28,2010, the plaintiff *187 amended her complaint to add Spring Garden Development Corporation (“Spring Garden”) as a defendant. The matter is now before the court on Spring Garden’s Motion for Leave to File a Third-Party Complaint against the Armenian Church of Our Saviour (“Church”) pursuant to Mass.R.Civ.P. 14(a). For the following reasons, this motion is DENIED.
BACKGROUND
The court summarizes the factual allegations based on the materials submitted. Spring Garden owns and operates a golf course under the name Cyprian Keyes Golf Club (“Cyprian Keyes” or “golf club”) in Boylston, Massachusetts. In the fall of 2006, a Church representative and a golf club representative signed a one-page standard form contract entitled “Golf Outing Agreement” (“Agreement”). The Agreement provided that the Church sought to hold an outing at Cyprian Keyes on September 10, 2007. The Agreement further provided that the Church expected seventy-two to one hundred guests to attend the outing and that it would pay $85.00 for each person who did attend. Relevant to this motion, Paragraph F of the Agreement, entitled “Rules and Regulations,” provided in pertinent part that “(t]he con-tractee assumes all responsibility for any and all physical damage to the facility and for any personal injury to the guests and employees of CKGC caused by their acts, conducts or omissions or by the acts, conducts or omissions of the guests.”
On September 10, 2007, the plaintiff attended the golf outing at Cyprian Keyes as a guest of the Church. While at the outing, she rode as a passenger in a golf cart owned by Spring Garden and operated by Daley, one its employees working at the event. According to the plaintiff, Daley stopped the golf cart to allow the plaintiff to exit it. As the plaintiff alighted from the golf cart, Daley prematurely drove off, which caused the plaintiff to fall and suffer the personal injuries that form the basis of her complaint. Spring Garden now seeks leave of court to file a third-party complaint against the Church pursuant to Mass.R.Civ.P. 14(a).
DISCUSSION
Under Rule 14(a), “a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiffs claim against him.” Mass.R.Civ.P. 14(a). “The rule is intended to be used in situations of indemnity or possible contribution.” Gabbidon v. King, 414 Mass. 685, 686 (1993). Where twenty days have passed since the defending party served its original answer, it must obtain leave of court to file the third-party action, filing an appropriate motion upon notice to all the parties to the action. Mass.R.Civ.P. 14(a). The allowance or denial of leave to file a third-party complaint rests within the discretion of the court. Jennett v. Colorado Fuel & Iron Corp., 9 Mass.App.Ct. 823, 825 (1980).
In the present case, Spring Garden asks that the court exercise this discretion, arguing that the Agreement contains an indemnification clause requiring the Church to defend and indemnify it with respect to the plaintiffs underlying personal injury action. When interpreting contracts, the court “must give effect to the parties’ intentions and construe the language to give it a reasonable meaning whenever possible.” Shea v. Bay State Gas Co., 383 Mass. 218, 225 (1981). This basic rule of construction is equally applicable to contracts containing indemnification clauses. New York, N.H. & H.R.R. v. Walworth Co., 340 Mass. 1, 3 (1959), citing Century Indem. Co. v. Bloom, 325 Mass. 52, 56 (1949) (“Contracts of indemnity are to be fairly and reasonably construed in order to ascertain the intention of the parties and to effectuate the purpose sought to be accomplished”).
According to the Agreement, the Church sought to use Cyprian Keyes to hold a golf outing. It agreed to pay $85.00 per guest who attended the event, expected seventy-two to one hundred guests to attend, and estimated that it would therefore pay a total fee between $6,120.00 to $8,500.00. The parties also contemplated in the Agreement that golf club employees would be working at the event. The parties further agreed that the Church, as the contractee, would assume responsibility for certain physical damages and personal injuries that occurred during the outing. As stated, Paragraph F of the Agreement provides in pertinent part, “(t]he contractee assumes all responsibility for any and all physical damage to the facility and for any personal injury to the guests and employees of CKGC caused by their acts, conducts or omissions or by the acts, conducts or omissions of the guests.” At issue is the extent of the Church’s agreed-upon responsibility.
Spring Garden argues that, pursuant to this clause in Paragraph F, the Church agreed to defend and indemnify Spring Garden where a Church guest suffered a personal injury that was caused by the act or conduct of a golf club employee. In making this argument, Spring Garden construes the possessive personal pronoun “their” in the phrase “caused by their acts, conducts or omissions” as referring to “guests and employees of CKCG [Cyprian Keyes]” and not “the contractee [the Church],” based on the fact that “guests and employees of CKCG” are the nouns appearing right before “their,” and the fact that “the contractee” is singular while “their" is plural. In other words, Spring Garden does not construe the clause as providing that the Church would assume responsibility where the Church, such as one of its agents, engaged in an act or conduct that caused one of its guests or a golf club employee to suffer personal injuries. Instead, Spring *188 Garden interprets the clause as providing that the Church would indemnify Spring Garden in situations where a golf club employee engaged in an act or conduct that caused a guest to suffer personal injuries, such as the allegations made by the plaintiff in hercomplaint.
The court, however, does not construe this clause as providing that the Church would indemnify Spring Garden in the situation alleged in the underlying action. Although “their” is plural and not singular, as is “the contractee,” other language in the clause indicates that “their” does not refer to “the guests and employees of CKCG.” Specifically, the clause ends with the phrase “or by the acts, conducts or omissions of the guests.” Spring Garden’s interpretation of the clause—that “their” refers to both golf club employees and guests—would render this phrase superfluous. The court, however, must “construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose . . .” U.S.M. Corp. v. Arthur D. Little Systems, Inc., 28 Mass.App.Ct. 108, 116 (1989) (emphasis added). The purpose of the Agreement was for the Church to pay a fee in exchange for its guests to enjoy the benefits of the golf club. The Agreement is therefore at least ambiguous as to whether the Church intended to assume responsibility where golf club employees, who were not subject to the Church’s control and whose services implicitly formed part of the Church’s paid-for benefits, engaged in acts or conduct that caused guests of the Church to suffer personal injuries.
Since Spring Garden drafted the Agreement, a standard form used when any entity sought to hold an outing at the golf club, any ambiguity contained within it must be interpreted against Spring Garden. See Electronic Data Sys. Corp. v. Attorney General, 440 Mass. 1020, 1021 (2003), citing Merrimack Valley Nat’l Bank v. Baird, 372 Mass. 721, 724 (1977); Bowser v. Chalifour, 334 Mass. 348, 352 (1956). In particular, the court will not construe a contractual clause “as indenmifying one against his own negligence or that of his employees unless express language unequivocally so requires.” New York, N.H. & H.R.R., 340 Mass. at 5 (emphasis added). Since Paragraph F of the Agreement does not unequivocally require the Church to indemnify Spring Garden in situations where the acts or conduct of a golf club employee aré at issue, the court will deny Spring Garden’s motion for leave to file a third-party complaint against the Church.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Spring Garden Development Corporation’s Motion for Leave to File a Third-Party Complaint against the Armenian Church of Our Saviour pursuant to Mass.R.Civ.P. 14(a) be and is DENIED.