474 F.2d 14
 12 UCC Rep.Serv. 184
 In the Matter of GREEN MILL INN, INC., a California
corporation, Bankrupt 117739.
Kal W. LINES, Trustee in Bankruptcy, Appellant,
v.
The NATIONAL CASH REGISTER COMPANY, Appellee.
 No. 26658.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 2, 1973.
 
 Raymond L. Mushrush (argued), of Jacobs & Mushrush, James M. Conners, Trustee, San Francisco, Cal., for appellant.
 Merrill J. Schwartz (argued), George F. Dunker, of Stark, Stewart, Simon & Sparrowe, Oakland, Cal., for appellee.
 Before TRASK, CHOY, and GOODWIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district court overruled its bankruptcy referee, and allowed The National Cash Register Company to repossess property sold to a bankrupt under a title-retaining contract. The trustee in bankruptcy appeals. We affirm.
 
 
 2
 The thrust of the appeal is that National Cash Register's financing statement as filed did not comply with California's version of the Uniform Commercial Code.
 
 
 3
 Cal. Commercial Code Sec. 9402(1) requires such a financing statement to show, inter alia, the name and mailing address of the debtor and to bear the signature of the debtor. Section 9402(5) saves a filing that is in "substantial compliance" with Sec. 9402(1).
 
 
 4
 The financing statement here in question gave the name of the debtor on line one as "Taylor, Maxime." The form carried the signature of the debtor on line nine as "Green Mill Inn, Inc., by Maxime Taylor, President." In fact, Green Mill Inn, Inc., was the entity purchasing the property.
 
 
 5
 Because the office of the Secretary of State of California was able, through cross-indexing, to locate the filing in both the corporate and individual names, actual notice was thus available to anyone interested in the filing. The district court held that the defective, or ambiguous, filing, aided by the probability of actual notice, substantially complied with the statutory requirements, and thus preserved the security interest of the seller against rival creditors.
 
 
 6
 The district judge who decided this case also decided In re Thomas, 310 F.Supp. 338 (N.D.Cal.1970), aff'd 466 F.2d 51 (9th Cir. 1972). There, an individual (Thomas), doing business under a fictitious name (West Coast Avionics), bought goods under a conditional-sale contract for which the seller filed the security statement listing the debtor's name as West Coast Avionics. The district judge noted that the Secretary of State did not cross-index unincorporated names in the situation there presented. Since there was no means by which creditors of Thomas could learn from the Secretary's records that Thomas was buying property on credit under the name of West Coast Avionics, a financing statement showing West Coast Avionics as debtor did not substantially comply with Cal. Commercial Code Sec. 9402(1).
 
 
 7
 We believe that the difference between the two cases perceived by the district judge is a valid one. No creditor was misled or prejudiced by the ambiguity in the document filed by National Cash Register. Anyone seeking to determine if the bankrupt had any outstanding security interests on its property would have been given notice of National Cash Register's claim. There was therefore no error in treating the ambiguous document as one filed in substantial compliance with Cal. Commercial Code Sec. 9402(1). Affirmed.