**In the Matter of SOUTHERN SUPPLY COMPANY OF GREENVILLE, NORTH CAROLINA, INC., Bankrupt.**

**No. 933.**

United States District Court,
E. D. North Carolina,
Washington Division.

Nov. 13, 1975.

———◆———

Trawick H. Stubbs, Jr., New Bern, N. C., for Trustee in Bankruptcy.

Joseph W. Dean, Asst. U. S. Atty., Raleigh, N. C., for Small Business Administration.

## MEMORANDUM OPINION and ORDER

LARKINS, Chief Judge:

The petitioner, Small Business Administration, has filed a Petition for Review pursuant to Title 11, United States Code, Section 67, in the above entitled voluntary petition in bankruptcy, contending that the Order entered by the Honorable Thomas M. Moore, Referee in Bankruptcy, dated August 7, 1972, denying Small Business Administration's secured claim, is erroneous and should be suspended. The petition in bankruptcy was filed by Southern Supply Company of Greenville, N. C., Inc., on December 31, 1971.

The bankrupt borrowed One Hundred Thousand Dollars ($100,000.00) from the Bank of North Carolina, N.A. on August 10, 1971, securing the loan with a first security interest in its inventory, accounts receivable, machinery and equipment then owned and thereafter acquired. On November 11, 1971, the Bank of North Carolina, N.A., transferred and assigned the note and security instruments to Small Business Administration, an agency of the United States. Subsequent to the bankrupt's voluntary petition in bankruptcy filed December 31, 1971, the United States of America, on behalf of the Small Business Administration, filed on January 24, 1972, a petition to reclaim and for leave to foreclose and an objection to the sale of certain assets by the Trustee in Bankruptcy. Cook Machinery Co., Inc., filed an answer to the petition filed by the United States and a hearing was conducted by the Referee in Bankruptcy on February 26, 1972, at which the parties stipulated to certain facts and certain documents were admitted into evidence. No official court reporter was present at the hearing. On August 7, 1972, the Referee entered an Order denying the petition of the United States on behalf of the Small Business Administration to reclaim the property in question. In this Order the Referee made the conclusion of law that the Bank of North Carolina's failure to properly identify the debtor was misleading to those who searched the record for financing statements from Southern Supply Company of Greenville, N. C., Inc., and such failure precluded the perfection of its lien. This Order also directed the Trustee in Bankruptcy to proceed with the liquidation of the collateral in question. This sale of the bankrupt's assets was finalized on September 16, 1972.

From a thorough examination of the various documents and stipulations filed in this voluntary petition, it appears that to perfect the security interest in the inventory, accounts receivable, machinery and equipment, financing statements were filed by the Bank of North Carolina, N.A., on August 19, 1971, with the Secretary of State of North Carolina, file NO. 119430, and with the Register of Deeds of Pitt County, North Carolina, file NO. 71 0 1899. The financing statements were signed "Southern Supply Company of Greenville, N. C., Inc., William T. Smith, President" (Debtor) and "Bank of North Carolina, N.A." by an officer (Secured Party). Block one of the financing statements entitled "Debtor(s)" carried the debtor's name as "Southern Supply Co., Mr. William T. Smith, Pres., 924 Dickerson Ave., Greenville, N. C. 27834." Both the office of the Secretary of State and the office of the Register of Deeds of Pitt County indexed the financing statements as "Southern Supply Co." The Secretary of State carried a cross-index in the name of William T. Smith. Subsequent to the assignment of the note and security instruments by the Bank of North Carolina, N.A., to Small Business Administration, the assignee directed UCC Form 11's to the Secretary of State of North Carolina and to the Register of Deeds of Pitt County under the "Debtor(s)" name of "Southern Supply Company of Greenville, N. C., Inc," and return was made by each officer to the Small Business Administration showing the lien condition of the corporate borrower.

The question for decision here is whether or not the identification of the debtor, Southern Supply Company of Greenville, N. C., Inc., in the financing statements as "Southern Supply Co." is seriously misleading within the meaning of N.C.Gen.Stat. § 25–9–402(5). It is the opinion of this Court that this identification is not "seriously misleading" and that the Referee in Bankruptcy erred. The alleged defect in this case is minor and is not seriously misleading to those persons who may search the record for financial statements from Southern Supply Company of Greenville, N. C., Inc.

The Bankruptcy Judge's conclusion of law that the financial statement here did not adequately identify the debtor is erroneous. Under N.C.Gen.Stat. § 25–9–402(5), "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." It must be pointed out that the Small Business Administration submitted UCC–11 information request forms to both the North Carolina Secretary of State and to the Register of Deeds of Pitt County, inquiring as to existing liens under the debtor's correct corporate name, Southern Supply Company of Greenville, N. C., Inc., and both officers replied promptly, giving full detailed information as to the lien condition of this debtor, including the financing statements in question of "Southern Supply Co." This is very good evidence illustrating that any party seeking information would have been put on "notice" as required by the Uniform Commercial Code, that a security agreement was outstanding against the corporation.

One of "the polic[ies] of this Article [9 is] to simplify formal requisites and filing requirements and is designed to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves." Uniform Commercial Code, § 9–402, Official Comment 5 (1962). As the Court stated in *Siljeg v. National Bank of Commerce of Seattle,* 509 F.2d 1009, 1012 (9th Cir., 1975):

.   .   .   in most cases it is helpful to determine the "true name" of the entity so long as it is recognized that this merely is a step toward the answer and not the answer itself. The inaccurate name is measured against the real name to determine if it was seriously misleading to other creditors.

. . . The issue to be determined is not the true name of the entity, but whether the filing was misleading.

Applying these principles this Court cannot agree that "Southern Supply Co." along with the name of its president is misleading to one in search of liens against Southern Supply Company of Greenville, N. C., Inc. Just putting the one in search of the lien on "notice" is all that is required and surely this was accomplished here.

In the case of *In Re Green Mill Inn, Inc.*, 474 F.2d 14 (9th Cir., 1973), the financing statement gave the name of the debtor on line one as "Taylor, Maxime." On line nine of the form the signature of the debtor was "Green Mill Inn, Inc. by Maxime Taylor, President." The entity purchasing the property was in fact Green Mill Inn, Inc. The United States Court of Appeals for the Ninth Circuit had this to say at 474 F.2d 15:

> Because the office of the Secretary of State of California was able, through cross-indexing, to locate the filing in both the corporate and individual names, actual notice was thus available to anyone interested in the filing. The district court held that the defective, or ambiguous, filing, aided by the probability of actual notice, substantially complied with the statutory requirements, and thus preserved the security interest of the seller against rival creditors.

This is exactly the situation that is before the Court here. As was pointed out above, the Small Business Administration directed UCC Form 11's to the Secretary of State of North Carolina and to the Register of Deeds of Pitt County under the "Debtor(s)" name of Southern Supply Company of Greenville, N. C., Inc., and return was made by each officer to them showing the lien conditions of the corporate borrower. The Court held in *In Re Green Mill Inn, Inc., supra,* that where there was an ambiguous financing statement referring to the individual as debtor on first line but corporate signature, by such indiviudal as president, this substantially complied with the statutory requirement of Article 9 where the Secretary of State was able to locate filing in both corporate name and individual names and actual notice was thus available to anyone interested in the filing. *Cf. In Re Platt,* 257 F.Supp. 478 (E.D.Pa., 1966); *In Re Excel Stores, Inc.,* 341 F.2d 961 (2nd Cir., 1965); *Benedict v. Lebowitz,* 346 F.2d 120 (2nd Cir., 1965).

This Court is of the opinion that this mistake in the instant case is in the category of minor errors which are not seriously misleading as contemplated under Section 9-402(5) of the Uniform Commercial Code. [N.C.Gen.Stat. § 25-9-402(5)]. This disposition of the case seems to be within the spirit of the Uniform Commercial Code.

### ORDER

Accordingly, it is Ordered that the Order of the Bankruptcy Judge dated August 7, 1972 be, and the same is hereby Suspended.

Further, it is Ordered that this case be, and the same is Remanded to the Bankruptcy Judge, United States District Court for the Eastern District of North Carolina, for the entry of an Order not inconsistent with the above.