**In the Matters of REECO ELECTRIC CO., INC. and Petersbuilt Incorporated, Bankrupts.**

**Nos. BK–74–698 and 835.**

United States District Court, D. Maine, S. D.

June 14, 1976.

**239**

Homer Michal, Portland, Maine, for Trustee in both cases.

W. Scott Carlisle, III, Portland, Maine, for appellant in both cases.

Peter L. Murray and John C. Lightbody, Portland, Maine, for Trustee in both cases.

### MEMORANDUM AND ORDER OF THE COURT

GIGNOUX, District Judge.

Canal National Bank and Commercial Credit Equipment Corp., each claiming a security interest in property of one of the above-named bankrupts, appeal from orders of Bankruptcy Judge Johnson entered in these proceedings. In each order the Bankruptcy Judge held that the secured creditor had failed to perfect its security interest in personal property of the bankrupt,[1] for the reason that the financing statement filed at the office of the Secretary of State of Maine was "seriously misleading and not in substantial compliance with UCC § 9–402 [11 Me.Rev.Stat.Ann. § 9–402]," because it incorrectly listed the name of the debtor. In both orders Judge Johnson relied upon the decisions of Bankruptcy Judge Cyr in *In re Raymond F. Sargent, Inc.*, 8 UCC Rep. 583 (D.Me.1970) and *In re Brawn*, 6 UCC Rep. 1031 (D.Me.1969). Judge Johnson therefore declared the unperfected security interest in each case to be subordinate to the trustee. In *Reeco Electric* he authorized and instructed the trustee to sell the property free and clear of all liens. In *Petersbuilt* he ordered that the proceeds of a prior sale of the property vest in the trustee free and clear of any interest of the secured creditor. As these orders present virtually identical issues of law, the appeals have been consolidated for briefing, oral argument and decision.

The appeals turn on the requirements for perfection of a security interest set by Section 9–402 of the Uniform Commercial Code, as enacted in Maine, 11 Me.Rev.Stat. Ann. § 9–402. This Section provides, in pertinent part (emphasis supplied):

§ 9–402. *Formal requisites of financing statements;* . . .

(1) A financing statement is sufficient, if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. . . .

\*  \*  \*  \*  \*  \*

(3) A form substantially as follows is sufficient to comply with subsection (1)

Name of debtor (or assignor) . . . . . . .

Address . . . . . . . . . . . . . . . . . . . . . . .

---

1. In *Reeco Electric* the property in question is a 1974 Chevrolet van; in *Petersbuilt*, a 1974 Case bulldozer.

Name of secured party (or assignee) Address . . . . . . . . . . . . . . . . . . . . . . .

1. This financing statement covers the following types (or items) of property: (Describe) . . . . . . . . . . . . . . . . . . . . .

\*　　\*　　\*　　\*　　\*　　\*

Signature of debtor (or assignor) . . . . .

Signature of secured party (or assignee) . . . . . . . . . . . . . . . . . . . . . . . . . . .

\*　　\*　　\*　　\*　　\*　　\*

*(5) A financing statement substantially complying with the requirements of this section is effective, even though it contains minor errors which are not seriously misleading.*

In the official comment to this Section, the drafters of the Uniform Commercial Code stated:

> Subsection (5) is in line with the policy of this Article to simplify formal requisites and filing requirements and is designed to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves. As an example of the sort of reasoning which this subsection rejects, see *General Motors Acceptance Corporation v. Haley*, 329 Mass. 559, 109 N.E.2d 143 (1952).

For the reasons to be stated, the Court is of the opinion that the Bankruptcy Judge erred in holding that the financing statements in question were insufficient to perfect appellants' security interests.

■ The only error in these financing statements was misidentification of the corporate suffix of the debtor: Reeco Electric Co., Inc. was identified as "Reeco Electric," the corporate designations being omitted; and Petersbuilt Incorporated was identified as "Petersbuilt, Inc.," the corporate identification being abbreviated. In all other respects the financing statements were concededly accurate and properly filed. All words were properly spelled, and the debtors' addresses were correctly given. On these undisputed facts, it seems clear that the errors in the identification of the debtors were "minor errors" which could not possibly have rendered the financing statements "seriously misleading." The effect of a contrary conclusion would be to read Section 9–402(5) out of the Code.

■ The test of the sufficiency of a financing statement is, of course,

> whether, under all the facts, the filing would have given a file searcher sufficient notice to justify placing a duty upon him to make further inquiry concerning the possible lien.

Note, The Effect of Errors and Changes in the Debtor's Name on Article Nine Security Interests, 1975 Duke L.J. 148, 151; *see In re Excel Stores, Inc.*, 341 F.2d 961, 963 (2d Cir. 1965); *In re Colorado Mercantile Co.*, 299 F.Supp. 55, 58–59 (D.Colo.1969); Uniform Commercial Code § 9–402, comment 2. Financing statements concerned with the type of property involved in these cases are required to be filed in the office of the Secretary of State at Augusta. 11 Me.Rev.Stat. Ann. § 9–401(1)(c) (Supp.1975–76). There, they are filed alphabetically by the name of the debtor. 11 Me.Rev.Stat.Ann. § 9–403(4) (Supp.1975–76). It taxes the imagination to conceive that any reasonably intelligent person searching this file under the names 'Reeco Electric Co., Inc." and "Petersbuilt Incorporated" would not find "Reeco Electric" and "Petersbuilt, Inc." and understand that the same corporations were involved. Both "Reeco Electric" and "Petersbuilt, Inc." are plainly the names of corporations; neither "Reeco" nor "Petersbuilt" is so common that a file searcher would think it important to distinguish the corporate designation, *e. g.*, to distinguish "Inc." from "Incorporated." [2] Both "Reeco" and "Petersbuilt" are correctly spelled, and each financing statement gave the address of the

---

**2.** Appellees have proffered the following comments of Peter F. Coogan:

> Under the Code or under the old law, misnaming the debtor could well mislead an inquirer, as a look at many corporate holding company charts will reveal. The creditors of Smith Manufacturing *Co., Inc.*, should not be required to look up the records for Smith, *Inc.*, or Smith *Company, Inc.*, or Smith Manufacturing, *Inc.*, or even Smith Manufacturing *Company*, Inc. Even where the state involved does not allow its own corporate creatures to use names so likely to be con-

debtor correctly.[3] To hold that these identifications are "misleading" would surely appear to be the sort of "fanatical and impossibly refined reading" which the drafters of Section 9–402 sought to avoid, Uniform Commercial Code § 9–402, comment 5 (quoted *supra*),[4] and which virtually all courts interpreting Section 9–402 of the Code have rejected. *See, e. g., In re Kittyhawk Television Corp.*, 516 F.2d 24, 28–29 (6th Cir. 1975) ("Kittyhawk Broadcasting Corporation" sufficiently identified the debtor); *In re Excel Stores, Inc., supra* ("Excel Department Stores" sufficiently identified the debtor); *In re Southern Supply Company of Greenville, North Carolina, Inc.*, 405 F.Supp. 20 (E.D.N.C.1975) ("Southern Supply Co." sufficiently identified the debtor); *In re Colorado Mercantile Co., supra* ("O. M. Scott Company" sufficiently identified O. M. Scott Credit Corporation); P. Coogan, W. Hogan & D. Vagts, 1 Bender's UCC Service: Secured Transactions Under the Uniform Commercial Code § 6.01[3] at 65–68 (Supp.1976), *and cases cited.*

Appellees argue that the ruling below was required in light of the particular notice filing system in effect in the office of the Secretary of State of Maine. There, financing statements are filed alphabetically by debtors' names. Interested parties are not allowed to inspect the files themselves, but must fill out a "call slip." Employees of the Secretary of State then search the files and are instructed to report financing statements containing the "exact name" given on the call slip. Appellees submit that unless an interested party had submitted a series of call slips for each debtor covering all combinations and permutations of the debtor's corporation suffix, there could have been no assurance that the clerk would have returned the financing statements involved in these appeals. These considerations led Bankruptcy Judge Cyr in *In re Raymond F. Sargent, Inc., supra*, to hold that identification of the debtor as "Raymond F. Sargent *Co.*, Inc.," instead of Raymond F. Sargent, Inc., was "seriously misleading" within the meaning of Section 9–402(5).

fused, there may well be filings made by foreign corporations with similar names.
P. Coogan, W. Hogan & D. Vagts, 1 Bender's UCC Service: Secured Transactions Under the Uniform Commercial Code § 6.01[3], at 466 n. 5 (1976) (emphasis in original). This hypothetical is inappropos: there is no suggestion that either "Reeco" or "Petersbuilt" is such a common appellation that there is significant danger of this sort of confusion.

3. The correct spelling of "Reeco" and "Petersbuilt" assures that anyone searching the files under the debtors' correct names would have had to come upon the financing statements upon which appellants rely. This case is therefore to be distinguished from those in which the misspelling of the debtor's name was held fatal because the filing would not have been discovered by one searching under the correct name. *See, e. g., In re Brawn, supra* ("Brown" insufficient to identify debtor). *Compare In re Leichter*, 471 F.2d 785 (2d Cir. 1972) (per curiam) ("Landman Dry Cleaners" insufficient to identify debtor) *with In re Excel Stores, Inc.,* 341 F.2d 961 (2d Cir. 1965) ("Excel Department Stores" sufficient to identify debtor).

The decision of the Maine Court in *Maine League Federal Credit Union v. Atlantic Motors*, 250 A.2d 497 (Me.1969), on which appellees rely, is also distinguishable. There, the

court refused to allow § 9–402(5) to be invoked to excuse the lack of the secured party's signature on a financing statement. The court noted that § 9–402(1) explicitly requires that the statement be signed by the secured party. In addition, the court in *Maine League* expressly distinguished cases upholding financing statements which contained appropriate signatures but named the debtor incorrectly. *See id.* at 501 (distinguishing *In re Excel Stores, Inc., supra*).

4. *General Motors Acceptance Corp. v. Haley*, 329 Mass. 559, 109 N.E.2d 143 (1952), the decision criticized in the Official Comment to Section 9–402, presented facts very similar to those presented here. In *Haley* the court held that "E. R. Millen Company" was ineffective under the Uniform Trust Receipts Act to perfect a security interest in property of E. R. Millen Co., Inc. The Massachusetts Supreme Judicial Court has since retreated from the holding of Haley, with respect to both the Uniform Commercial Code and the Uniform Trust Receipts Act. *See National Cash Register Co. v. Firestone & Co.*, 346 Mass. 255, 191 N.E.2d 471 (1963); *Sales Finance Corp. v. McDermott Appliance Co., Inc.*, 340 Mass. 493, 165 N.E.2d 119 (1960).

■ This Court cannot accept the reasoning of *Sargent.* At the outset, it may be noted that the Court has serious doubt whether the practices of the Secretary of State's office, as described in the *Sargent* opinion, are consistent with the requirement of the Code that financing statements be filed for "public inspection," 11 Me.Rev. Stat.Ann. § 9–403(4) (Supp.1975–76),[5] language which clearly contemplates that interested parties must themselves be granted access to the files. Similarly, the so-called Maine Freedom of Information Law, as recently amended, appears expressly to require that the Secretary of State give public access to such records. *See* 1 Me. Rev.Stat.Ann. § 405 (1964); 1 *id.* § 402–A (Supp.1975–76). *But see* (1965) Me. Op. Att'y Gen., 2 UCC Rep. 813. Even assuming the validity of the current procedures, however, the Court must disagree with *Sargent*; for it is supremely doubtful that these procedures would have failed to apprise any interested party of the financing statements of these debtors. Just as a private-party file searcher would unquestionably have discovered these financing statements, it is inconceivable that an employee of the Secretary of State would not have identified these financing statements with the corporations listed on the call slips.[6]

The Court holds that appellants' financing statements were in substantial compliance with Section 9–402 and that the mistakes in the financing statements were "minor errors" and not "seriously misleading" within the requirements of Section 9–402(5). The orders of the Bankruptcy Judge are therefore reversed, and the matters are remanded for further proceedings consistent herewith.

IT IS SO ORDERED.

---

**5.** "A filing officer shall mark each statement with a consecutive file number and with the date and hour of filing and shall hold the statement for *public inspection.*" 11 Me.Rev.Stat. Ann. § 9–403(4) (emphasis supplied).

**6.** *Cf. In re Southern Supply Company of Greenville, North Carolina, Inc., supra,* 405 F.Supp.

at 22. There, UCC Form 11's, identifying the debtor as "Southern Supply Company of Greenville, N.C., Inc.," were submitted to the office of the North Carolina Secretary of State, and that office returned notice of financing statements indexed under the name "Southern Supply Co."