In re **BLIER CEDAR COMPANY, INC., Debtor.**

**JOHN DEERE INDUSTRIAL EQUIPMENT CO., Plaintiff,**

v.

**BLIER CEDAR COMPANY, INC., Defendant.**

**Bankruptcy No. BK 78–159ND.
Adv. No. 78–189.**

United States Bankruptcy Court, D. Maine.

June 16, 1980.

Richard M. Maraghy, Bangor, Me., for debtor.

Richard E. Poulos, Portland, Me., trustee, for Blier Cedar.

## MEMORANDUM DECISION

CONRAD K. CYR, Bankruptcy Judge.

The trustee in bankruptcy of Blier Cedar Company, Inc. contends that the financing statement filed by the plaintiff to perfect its security interest in a John Deere loader is deficient as a matter of law by reason of the omission of the final letter "T" from the serial number reflected on the financing statement as part of the description of the collateral.

The Uniform Commercial Code provides that:

"A financing statement is sufficient, if it . . . contains a statement indicating the types, or describing the items of collateral. . . ." [1]

The financing statement filed in this case described the collateral both by type and by item:

"1  N.     J.D.      544B  Loader
                     SN544BD298690
                     SNM440347

           less bucket
           with 1 male coupler
                2 female coupler"

The language "1 N. J.D. 544B Loader" plainly indicates that the collateral is a loader, while the serial numbers purport to describe the specific loader.

There is disagreement between the parties as to whether the omission of the letter "T" from the first serial number recited on the financing statement constitutes error.[2] There is also confusion in the record as to the purpose served by the second serial number "SNM440347". If, as plaintiff contends,[3] the latter serial number is a correct motor serial number, the record should reflect that significant circumstance, since it bears importantly upon the adequacy of the description.

A financing statement is "effective, even though it contains minor errors which are not seriously misleading,"[4] provided it substantially complies with the other requirements of U.C.C. § 9–402.[5] The financing statement filed by John Deere complies substantially with U.C.C. § 9–402(1). Therefore, even if the omission of the letter "T" and the inclusion of a second serial number constituted "error," it would remain to be determined whether any such errors were "minor" and "not seriously misleading."

The court is satisfied that the financing statement cannot be deemed insufficient as a matter of law on the present record. The record must be supplemented to reflect the actual circumstances bearing upon whether the serial number listings constituted error; if so, whether any such error was minor; and, if so, whether any such minor error was seriously misleading.

The trustee in bankruptcy is allowed ten days within which to request trial on the above-mentioned issues or to submit an agreed statement of facts.

---

1. 11 M.R.S.A. § 9–402(1) (Supp.1979–80).

2. "John Deere contends the statement contains no errors. As stated in the Affidavit of Richard M. Maraghy, Esq., dated March 11, 1980 in Paragraph 4, the letter "T" indicates the machine was manufactured at the John Deere Dubuque Works. The only other letter that could appear in place of the "T" is the letter "W" indicating the machine was manufactured at the John Deere Welland Works. Neither letter is an essential part of the serial number as it does not further aid in the identification of the specific piece of equipment. The 6 numbers preceding the letter "T" or "W" are the actual identifying numbers of the machine and each such series of numbers is unique to the machine assigned. Nowhere in the entire world is there another 544B loader with the same numbers as on the machine in question. *It is industry practice not to utilize the final letter. Therefore, no error existed.*" Memorandum of Law With Regard to Sufficiency of Financing Statement, filed on April 11, 1980 by Plaintiff, at p. 2. (*Emphasis added.*)

3. The plaintiff states that this second serial number is the correct Serial Number of the Motor [*id.* at p. 3], but the record is silent on the matter.

4. 11 M.R.S.A. § 9–402(8).

5. *See* text accompanying note 1 *supra.*