**In re BLIER CEDAR COMPANY, INC., Debtor.**

**JOHN DEERE INDUSTRIAL EQUIPMENT CO., Plaintiff,**

**v.**

**BLIER CEDAR COMPANY, INC., Defendant.**

**Bankruptcy No. BK 78–159ND. Adv. No. 78–189.**

United States Bankruptcy Court, D. Maine.

Sept. 29, 1980.

See also, Bkrtcy., 4 B.R. 669.

Richard E. Poulos, Portland, Me., for Trustee in Bankruptcy.

Richard M. Maraghy, Twitchell, Gray, Linscott & Badger, Bangor, Me., for John Deere.

## MEMORANDUM DECISION

CONRAD K. CYR, Bankruptcy Judge.

The present controversy arises on the complaint of John Deere Industrial Equipment Co. [John Deere] for relief from stay and for reclamation. The trustee in bankruptcy challenges the sufficiency of the UCC–1 financing statement filed by John Deere to perfect its security interest in a John Deere 544B loader.

The financing statement described the collateral by type and by item, as follows:

"1  N.    J.D.        544B Loader
                      SN544BD298690
                      SNM440347

      less bucket
      with 1 male coupler
        2 female coupler"

1. *See In re Blier Cedar Company, Inc.*, 4 B.R. 669; 29 UCC Rep. —— (Bkrtcy.D.Me.1980).

2. Title 11 Maine Revised Statutes Annotated, section 9–402(1), provides:

The language "1 N. J.D. 544B Loader" plainly described the collateral as a loader, while the serial numbers purported to identify a specific loader. The court has already determined[1] that the financing statement filed by John Deere substantially complied with UCC § 9–402(1).[2]

It remains to be decided whether the omission of the letter "T", the inclusion of the motor serial number, or the addition of the letters "SN" and "SNM" constituted "error;" if so, whether any such error was "minor;" and, if so, whether any such minor error was "seriously misleading."

The serial numbers on the financing statement are "SN544BD298690" and "SNM440347." The serial numbers appearing on the John Deere 544B loader are "544BD298690T" and "440347T." While the inclusion of the motor serial number did not constitute error per se, the inclusion of "SN" and "SNM" and the omission at the end of each serial number of the letter "T" constituted minor errors in the description of the collateral.

The court is satisfied that these erroneous serial numbers would tend to mislead a file searcher; very simply, they do not conform with the serial numbers appearing on the loader. The court is satisfied as well that the financing statement is sufficient to place the searcher under an obligation to make further inquiry into the complete state of affairs affecting the subject collateral. *See In re Reeco Electric Co., Inc.*, 415 F.Supp. 238, 240 (D.Me.1976). *See also* UCC Comment 2, 11 M.R.S.A. § 9–402.

Further inquiry would disclose that the debtor had a John Deere 554B loader bearing the serial numbers recited on the financing statement, except for the "SN" and "SNM," which were obviously added to indicate Serial Number and Serial Number Motor, and but for the omission at the end of each serial number of the letter "T." Inquiry of John Deere, the secured party list-

"A financing statement is sufficient, if it . . . contains a statement indicating the types, or describing the items of collateral . . . ." (Supp.1980–81).

ed on the financing statement,[3] would have disclosed that the letter "T" merely designates the place of manufacture of the loader.

The financing statement filed by John Deere complies substantially with UCC § 9–402(1). A financing statement is "effective even though it contains minor errors which are not seriously misleading." [4]

While it cannot be said that these minor errors are *seriously misleading*, it cannot fairly be questioned that the Code "notice filing" system imposes burdens of inquiry upon the file searcher altogether disproportionate to the duty of care required of the secured party. *See, e. g., In re Reeco Electric Co., Inc.*, supra; *In re Blier Cedar Company, Inc.*, 28 UCC Rep. 1202 (D.Me.1980). Sufficient grounds exist for modifying the automatic stay so as to authorize reclamation and it is, accordingly,

ORDERED, that John Deere be and it hereby is authorized forthwith to reclaim from the debtor the subject John Deere 544B loader.

---

3. *See In re Blier Cedar Company, Inc.*, 28 UCC Rep. 1202 (D.Me.1980).

4. 11 M.R.S.A. § 9–402(8).