SCHROEDER, Circuit Judge:
This appeal arises out of the Chapter XI Bankruptcy Proceedings of appellant, McCauley’s Reprographics, Inc., and concerns whether appellee, Alaska National Bank of the North, attained the status of a secured creditor.
The issue is the validity of a financing statement filed pursuant to Alaska Stat. 45.05.770 (U.C.C. 9-402 (1962)). The financing statement was intended to perfect the security interests of the bank in the assets of the debtor corporation. The financing statement, however, as well as the underlying loan documents, improperly identified the debtor as the partnership, McCauley’s Reprographics and Mapping, which preceded the corporation.
The bankruptcy court, after an evidentiary hearing, found that the financing statement was seriously misleading and held that the security interest was never perfected. The district court disagreed, however, and upheld the filing. We hold that the bankruptcy court’s original ruling was correct, and reverse the district court.
In question is the bank’s security interest arising out of a loan to the corporation in September 1975. John McCauley and his wife were the owners of the corporation which was formed in April 1975. They were also the partners of the predecessor partnership which had carried on business at the same address as the corporation and which had also entered into other secured transactions for which financing statements were on file. It is not disputed that the bank, in preparing the financing statement and loan documents for this loan, mistakenly identified the debtor as the predecessor partnership rather than the corporation.
We must agree with the loan officer who prepared the documents on behalf of the bank and who, at the hearing before the bankruptcy judge, admitted that the misidentification was “gross error.” The personnel in the corporation and the partnership were the same so that when Mr. McCauley signed the documents as “John McCauley,” with no indication that he was signing on behalf of a corporation, there was, on the face of the financing statement, no way of discerning that the true debtor was the corporation rather than the partnership. Moreover, since the underlying documents were incorrect, even if a person searching the financing statements for loans to the corporation had located this statement and had decided to make inquiry as to the identity of the debtor, any inquiry which led to the underlying loan documents would have provided the wrong answer.
The Uniform Commercial Code, which has been enacted by Alaska, does not require that a financing statement be completely accurate in order to perfect a security interest. The standard is that a financing statement substantially complying with the filing requirements is effective unless the errors are “seriously misleading.” Alaska Stat. 45.05.770(e) (U.C.C. 9^102(5)). Under this standard, courts have not insisted upon rigid adherence to the requirements that a financing statement be signed by the debtor and the secured party, list the secured party’s address and the debtor’s mailing address, and contain a statement indi *119 eating or describing the collateral. Instead, they have utilized a more flexible, ad hoc approach to determine, by an essentially factual inquiry, the extent to which an error in the financing statement would be misleading to one undertaking a reasonable search. That is the approach taken by this Circuit in Siljeg v. National Bank of Commerce, 509 F.2d 1009, 1013 (9th Cir. 1975). See also In re Green Mill Inn, Inc., 474 F.2d 14 (9th Cir. 1973); Lines v. Bank of California, 467 F.2d 1274 (9th Cir. 1972).
When the name of the debtor has been erroneously listed on the financing statement, the dispositive question is usually whether or not a reasonable search under the debtor’s true name would uncover the filing. If so, it is assumed that the searcher is on notice to inquire further to discover the correct identity of the debtor. See P. Coogan, W. Hogan & D. Vagts, 1A Secured Transactions Under the Uniform Commercial Code § 6C.05[2][b][i] (1980) (Bender’s U.C.C.Service); J. White & R. Summers, Uniform Commercial Code 957-58 (2d ed. 1980); Note, The Effect of Errors and Changes in the Debtor’s Name on Article IX Security Interests, 1975 Duke L.J. 148, 151. See also Siljeg v. National Bank of Commerce, 509 F.2d 1009 (9th Cir. 1975); In re Excel Stores, Inc., 341 F.2d 961 (2d Cir. 1965). The district court below therefore determined only that a reasonable search of the records would have uncovered this financing statement. On that basis it held that the financing statement was adequate.
In the peculiar circumstances presented in this case, however, the district court’s inquiry should not have ended there. Since there was no indication on the financing statement that the debtor was the corporation rather than the partnership, the financing statement may not have given notice that the debtor could in fact have been the corporation. In addition, as the bankruptcy court found, even if the searcher had inquired further, the search would have uncovered an underlying security agreement which contained an error just as seriously misleading as the financing statement. We therefore must agree with the bankruptcy court that the financing statement was seriously misleading and that the bank has no perfected security interest in the assets of the corporation.
Reversed and remanded with instructions to the district court to affirm the judgment of the bankruptcy court.