In re John B. MERCHANT, Mary Ann Merchant, Debtors.

**HERITAGE SAVINGS BANK, Plaintiff,**

v.

**John B. MERCHANT, Mary Ann Merchant, Robert Scott Lingley, Trustee, Defendants.**

Bankruptcy No. 183–00161.
Contested No. C7–30804.

United States Bankruptcy Court,
D. Maine.

March 13, 1984.

Gary M. Growe, Lunn & Growe, Bangor, Me., Robert S. Lingley, Trustee, C.W. &

H.M. Hayes, Dover-Foxcroft, Me., for debtor.

George W. Kurr, Jr., Logan, Kurr, Hamilton & Robinson, Bangor, Me., for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

This matter comes before the Court on the trustee's objection to Heritage Savings Bank's claim of a perfected security interest in the debtor's mobile home. At issue is the sufficiency of the financing statement filed by the Bank with the Secretary of State. The sufficiency of that financing statement is governed by Me.Rev.Stat.Ann. tit. 11, § 9–402(1), which states in part:

> A financing statement is sufficient, if it gives the names of the debtors and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral; provided that, for purposes of this section, if the collateral is a mobile home as defined in Title 10, section 1402, Subsection 2, the description of collateral shall include the location designated by the debtor in the security agreement as the place at which the mobile home is, or is to be located.

The parties have stipulated that the collateral at issue is a mobile home as defined in Title 10, section 1402, subsection 2. The financing statement meets all the requirements of section 9–402(1) except that it fails to include the location designated by the debtor in the security agreement as the place at which the mobile home is, or is to be, located.[1]

---

1. The parties have stipulated that the debtors designated "Gouldsboro, Maine" in the security agreement as the place where the mobile home would be located. The debtors' address, as listed on the financing statement, is Prospect Harbor, Maine. The parties have stipulated that Prospect Harbor is one of eight geographical areas that comprise the political entity known as the Township of Gouldsboro. The trustee does not contend that the debtors' address is insufficient to meet the requirements of section 9–402(1).

The Bank concedes that the location requirement is not met, but relies upon subsection 9–402(8), which states:

A financing statement substantially complying with the requirements of this section is effective, even though it contains minor errors which are not seriously misleading.

The sole issue before the Court is whether, despite the omission of the mobile home's location, the financing statement substantially complies with the requirements of section 9–402.[2]

■ In order to resolve that issue, the Court must first ascertain the legislature's purpose in requiring that location be included on the financing statement. In general, "case law makes it abundantly clear that a financing statement is intended merely 'to put a searcher on notice that an underlying security agreement may be outstanding.' " *In re Cushman Bakery*, 526 F.2d 23, 29 (1st Cir.1975) *cert. denied sub nom. Agger v. Seaboard Allied Milling Corp.*, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976) (*quoting Bramble Transportation, Inc. v. Sam Senter Sales, Inc.*, 294 A.2d 97, 103 (Del.1971)). Thus, errors in the description of collateral, for example, are considered minor and not seriously misleading if the description will put a subsequent party on notice that there may be an outstanding security agreement covering the *collateral at issue. See Cope v. United States (In re Merrill)*, 29 B.R. 531, 534 (Bkrtcy.D.Me. 1983) (the description "farm equipment" does not give sufficient notice that collateral is a log skidder). Further inquiry from the parties concerned is expected of a diligent file searcher under Maine's system of notice filing. *See In re Reeco Electric Co., Inc.*, 415 F.Supp. 238, 240 (D.Me.1976) (test of the sufficiency of a financing statement is whether, under all the facts, the filing would have given a file searcher sufficient notice to justify placing a duty upon him to make further inquiry concerning the possible lien); *John Deere Industrial Equipment Co. v. Blier Cedar Company, Inc. (In re Blier Cedar Company, Inc.)*, 7 B.R. 21, 22–23 (Bkrtcy.D.Me.1980) (minor errors in serial numbers of John Deere loader held not to be seriously misleading—"financing statement is sufficient to place the searcher under an obligation to make further inquiry...."); *see also* Me.Rev.Stat.Ann. tit. 11, § 9–402, Uniform Commercial Code Comment 2.

■ Certain requirements of section 9–402(1), however, serve statutory objectives in addition to or other than giving notice. For example, prior to 1977, section 9–402(1) required that the secured party sign the financing statement. The Maine Supreme Judicial Court held a financing statement ineffective because the secured party had not signed it, despite the fact that the secured party's name and address appeared thereon. *Maine League Federal Credit Union v. Atlantic Motors*, 250 A.2d 497 (Me.1969). While acknowledging that the unsigned financing statement would have given adequate notice to file searchers, the Court discerned an additional purpose underlying the requirement, *i.e.*, ensuring the *authenticity* of the document. *Id.* at 500. The typed-in name of the secured party was held insufficient to meet the legislature's objective of preserving the integrity and reliability of the public record.[3] *Id.* at

---

**2.** As this Court has previously noted, in other jurisdictions mobile homes have on occasion been held to be fixtures subject to the fixture filing requirements of the Uniform Commercial Code. *Bezanson v. Kennebunk Savings Bank (In re Ladd)*, 21 B.R. 579, 581 n. 2 (Bkrtcy.D.Me. 1982). The trustee does not contend that the mobile home in this case is a fixture, and has offered no evidence on that issue. In fact, the trustee has conceded in his Memorandum of Law that "at issue is *not* a fixture filing...." (emphasis added). Therefore, the Court need not decide whether the Bank's financing statements would suffice as a fixture filing under the

Code. See Me.Rev.Stat.Ann. tit. 11, §§ 9–313, 9–402(5), 9–402(6).

**3.** The same result has been reached where the debtor failed to sign the financing statement. *See In re Industro Transistor Corp.*, 14 U.C.C. Rep.Serv. 522, 524 (E.D.N.Y.1973) ("absence of the Debtor's signature cannot properly be construed as a minor error inasmuch as the stated purpose of the signature is not notice to third parties but rather to authenticate the statement.")

501. Another example can be found in the case of *In re Searles*, 9 U.C.C.Rep.Serv. 538 (D.Me.1971). There the debtor's mailing address was erroneously set forth on the financing statement. The Court determined that the purpose to be served by requiring inclusion of the debtor's mailing address was to assure mail delivery under certain discovery procedures and resale notification procedures provided in the Uniform Commercial Code. *Id.* at 540–541. Because it was reasonably certain that a first class letter mailed to the address on the financing statement would in fact be delivered to the debtor, the Court held that the error was minor. *Id.* at 542.

The mobile home location requirement here at issue was added as an amendment to section 9–402(1) in 1978. *See* P.L. 1977, c. 702, § 1. Light may be shed upon the legislature's purpose through an examination of the "Statement of Fact" attached to Legislative Document No. 2190, which introduced P.L. 1977, c. 702. *See In re Breau*, 17 B.R. 697, 698 (Bankr.D.Me.1982) (quoting *Franklin Property Trust v. Foresite, Inc.*, 438 A.2d 218, 223 (Me.1981)) (" 'The "Statement of Fact" . . . is a proper and compelling aid to ascertaining the legislative purpose and intent.' "). That document states, in part:

> Finally, the bill relieves a problem frequently encountered by file searchers when looking for security interests in a mobile home whose new owner has moved from the municipality where he was living when he bought the mobile home to another municipality where the mobile home was placed after its sale.

Clearly, the legislature intended by this amendment to provide additional information to aid a file searcher in identifying the particular mobile home covered by a financing statement.[4] The statute itself indicates that the designation of location is to be a part of the "description of collateral." Me. Rev.Stat.Ann. tit. 11, § 9–402(1). Thus, the location designation is intended to further the Code's general purpose of providing notice. The Bank's financing statement must be examined to determine whether it serves that purpose by putting file searchers on notice of a possible security agreement covering the collateral at issue.

The Bank's financing statement describes the collateral as follows:

1982 Skyline mobile home, 70′ × 14′

S/N 0116–0266S

It also contains the debtor's mailing address of Prospect Harbor, Maine. As noted above, Prospect Harbor is a part of the town of Gouldsboro. "Gouldsboro" is designated on the security agreement as the location at which the mobile home is to be located.[5] Given this detailed description which even includes the mobile home's serial number, and considering that the mobile home is in fact located in the town of which Prospect Harbor (the debtor's mailing address) is a part, the Court concludes that, at the very least, this financing statement would give a file searcher sufficient notice to justify placing a duty upon him to make further inquiry concerning a possible lien in the collateral at issue. Under the facts of this case, the Court holds that the Bank's financing statement substantially complies with the requirements of section 9–402(1), and that the omission of the designated location is not seriously misleading. The trustee's objection shall be denied.

Enter Order.

---

**4.** The location designation would not aid a file searcher in finding the *financing statement*. Financing statements are indexed not by location, but according to the name of the debtor. Me. Rev.Stat.Ann. tit. 11, § 9–403(4). Even assuming that filing in the appropriate county registry of deeds was required, a financing statement would be indexed not by location, but according to the names of the debtor, the secured party, and any owner of record. *Id.*, §§ 9–403(4) & (7). The location designation is obviously not intended to aid the secured party in any way—the location which is required to be included on a financing statement is to be taken from the security agreement.

**5.** Surprisingly, there is no evidence before the Court as to the actual physical location of the mobile home other than that it is in the Town of Gouldsboro. It may well be located in Prospect Harbor.